STANLEY L. LACEY *v.* RICHARD D. WILLIAMS ET AL.
(6441)

DALY, STOUGHTON and FOTI, Js.

Argued September 20—decision released October 25, 1988

*Alan R. Spirer,* with whom, on the brief, was *Karan Spirer,* for the appellants (defendants).

*Kevin A. Fusco,* for the appellee (plaintiff).

STOUGHTON, J. The defendants have appealed from a judgment confirming an arbitration award. The defend-

ants claim that the court erred in granting the application to confirm the award in that (1) the arbitration proceedings and award include claims under the Connecticut Unfair Trade Practices Act (CUTPA) which claims were outside the submission and not subject to arbitration, (2) the inclusion of CUTPA claims in arbitration proceedings contravenes the public policy of the state, and (3) the arbitration proceedings and award include claims that are subject only to the jurisdiction of the courts. The defendants also claim that the court erred in failing to dismiss the plaintiff's application to confirm the award or, in the alternative, to transfer the application to the judicial district in which the defendants had first filed their application to vacate the award. We find no error.

On March 12, 1984, the parties, all of New Canaan, entered into a contract under the terms of which the defendants agreed to construct a house in New Canaan for the plaintiff and the plaintiff agreed to pay the defendants $262,700. The contract provided that "[a]ny controversy or claim arising out of or relating to this contract, or the breach thereof, together with the legal and other costs thereof, shall be settled by arbitration in accordance with the rules of the American Arbitration Association . . . ." A rider to the contract provided that "[a]ll claims or disputes arising out of this Contract or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then pertaining, unless the parties mutually agree otherwise."

A dispute arose and on May 22, 1987, the plaintiff submitted a demand for arbitration. The nature of the dispute was given as follows: "Presence of serious, substantial and persistent structural defects in claimant's home which was constructed by Contempra Homes; Contempra Homes failure to repair and correct said

defects; Contempra Homes violation of Connecticut's Unfair Trade Practices Act (General Statutes § 42-110a et seq.)." The plaintiff claimed $75,000, punitive damages and attorney's fees. An arbitrator heard the proofs and claims of the parties and awarded the plaintiff $46,535.13 in full and final settlement of all claims submitted to arbitration.

On August 4, 1987, the defendants filed an application to vacate the award in the Superior Court in the judicial district of Fairfield at Bridgeport. On August 12, 1987, before he had received notice of the defendants' application, the plaintiff applied to the Superior Court in the judicial district of Stamford-Norwalk at Stamford to confirm the award. The defendants moved to dismiss the plaintiff's application because of their prior pending application or, in the alternative, to transfer the plaintiff's application to the Superior Court at Bridgeport. The plaintiff objected because an earlier hearing date had been assigned in Stamford and because the proper venue under General Statutes § 52-418 (a)[1] is Stamford, the judicial district where the parties resided. The record does not disclose the dis-

---

[1] General Statutes § 52-418 provides: "VACATING AWARD. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

"(b) If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators."

position made of the defendants' motion, but on September 29, 1987, the court rendered judgment for the plaintiff confirming the award.

The defendants claim that the court erred in failing to dismiss the plaintiff's application because of the pendency of the defendants' application to vacate or, in the alternative, in failing to transfer the plaintiff's application to the Superior Court at Bridgeport. We agree with the plaintiff that under General Statutes § 52-418 (a) the proper venue for an application concerning arbitration is the Superior Court in the judicial district in which one of the parties resides. The parties to the arbitration resided in New Canaan which is in the judicial district of Stamford-Norwalk.

The first three of the defendants' claims of error attack the judgment confirming the award on the ground that the award includes claims made under CUTPA. We note initially that the defendants did not object to arbitration and they participated in the proceedings. They did not seek an immediate judicial determination of arbitrability pursuant to General Statutes § 52-415.[2] See *New Haven* v. *AFSCME, Council 15, Local 530,* 208 Conn. 411, 414, 544 A.2d 186 (1988). If the parties mutually agree to submit their dispute to arbitration, the resulting award is not reviewable for errors of law or fact. Id., 415. While it is true that the plaintiff alleged that the defendants had violated CUTPA and sought punitive damages, nowhere is it shown in the record that the arbitrator even considered CUTPA, much less that he made an award under it. The burden rests on the party attacking the award to produce sufficient evidence to invalidate it. *Schwarzschild* v. *Martin,* 191 Conn. 316, 327, 464 A.2d 774 (1983).

The submission to arbitration was unrestricted and encompassed all claims or disputes arising out of the

---

[2] The defendants also failed to move for modification or correction of the award pursuant to General Statutes § 52-419.

contract. Judicial review of unrestricted submissions is limited to a comparison between the submission and the award to see whether the award conforms to the submission. *New Haven* v. *AFSCME, Council 15, Local 530,* supra, 415–16. The award clearly conforms to the submission here. The plaintiff claimed $75,000 in damages and was awarded $46,535.15. We cannot presume that the arbitrator based any part of the award on a CUTPA violation.

The defendants did not introduce the record of the arbitration proceedings in the trial court and failed to prove that a CUTPA claim was considered. See *Schwarzschild* v. *Martin,* supra, 326. "The burden rests upon the appellant to show that there was error in the judgment from which the appeal is taken, and that includes the preparation of a proper record." Id.

We will not address the defendants' arguments that only a court may hear the CUTPA claim and that it was a violation of public policy for an arbitrator to hear such a claim. There is simply nothing in the record to demonstrate that any CUTPA claim was heard, or that an award was made on such a claim. We will not decide such a question in the abstract. It is the duty of the appellant to present a record that is adequate for review of the questions he desires to raise. Practice Book § 4061; *Crest Plumbing & Heating Co.* v. *DiLoreto,* 12 Conn. App. 468, 479, 531 A.2d 177 (1987).

There is no error.

In this opinion the other judges concurred.