[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO CONFIRM ARBITRATION AWARD AND MOTION TO VACATE ARBITRATION AWARD
The plaintiff, City of Milford entered into a construction contract with the defendant J. H. Hogan Inc. (Hogan) for construction of the Milford Courthouse. The contract between the parties provided for arbitration of disputes between them by arbitration under the Construction Industry Arbitration Rules. On December 12, 1988 the defendant made a demand for arbitration through the American Arbitration Association claiming that Milford breached the construction contract in several respects, including failure CT Page 4662 to pay for changes in the work and failure to make final payment under the terms of the contract. Arbitration was requested for:
 A determination of all sums due, including, but not limited to, losses incurred both directly and indirectly as a result of delays in the prosecution of claimant's work including all extended field and home office overhead costs. Hogan also seeks a determination of the sums due it for lost labor productivity, loss of use of money, extra work, contract balance and interest. Claimant also seeks a determination that all fees and administration expenses in connection with this arbitration, including a reasonable attorney's fee, be awarded to claimant."
The arbitration panel selected consisted of an architect, a contractor and an attorney. The attorney was later disqualified, apparently because of contacts between him and representatives of Hogan. There were 20 days of arbitration hearings before the two remaining arbitrators. Hogan filed a pre-hearing memorandum with the arbitrators itemizing the damages claimed by it, which totalled $714,826.37. The memorandum stated that this amount did not include attorney's fees, costs of arbitration and similar costs which the claimant requested as part of an arbitration award. Milford had a counterclaim for its damages. No evidence was offered on the claim for attorney's fees during the arbitration hearings.
In its post hearing memorandum (Pgs. 31-35,) Hogan claimed attorney's fees as punitive damages alleging that the submission of "all disputes" to arbitration included attorney's fees, costs and punitive damages. It claimed that it was entitled to punitive damages because of intentional bad faith conduct by Milford in refusing to make payments called for under the contract, labelling this as "stall tactics and financial extortion." Attached to the memorandum was an affidavit from Attorney Lawrence Rosenthal of Pepe and Hazard, the attorneys for Hogan, and an affidavit from the billing manager from the law firm summarizing the bills and charges to Hogan for legal fees for the arbitration, totalling $124,621.14. The post-trial briefs of both parties were dated September 26, 1990, and Milford's brief did not extensively discuss the subject of attorney's fees other than claiming that there was no statute or contract provision allowing for attorney's fees so that the arbitrators could not award them. (Milford Brief of September 26, 1990, p. 44). Hogan's reply brief dated October 10, 1990, p. 21, referred CT Page 4663 to cases which it claimed allowed attorney's fees, and stated "the panel has the authority to award anything it wants." The city's reply brief of October 9, 1990 objected to claims for rescission of the contract, punitive damages and attorney's fees on the basis that evidence on those claims was not presented during the arbitration hearings. Milford claimed that presenting evidence in this way violated the concept of a fair hearing and rules 31 and 32 of the Construction Industry Arbitration Rules and its fundamental right of cross examination of witnesses and the right to offer evidence in opposition at the hearings.
On November 15, 1990 the arbitrators made their decision, awarding Hogan the sum of $651,049.37 and awarding Milford $45,216.61 on the counterclaim, for a net award to Hogan of $605,832.76. It also ordered that the administrative fees and expenses of the American Arbitration Association should be equally divided.
After the award was made Milford requested through the American Arbitration Association that the arbitrators break down their claim to clarify the dollar amounts awarded as to nine separate areas, including attorney's fees and interest on two of the defendants claims. The defendant objected at that time to reinstating the authority of the arbitrators for the purpose of clarifying the award. Milford then filed this application to correct or vacate the arbitration award, contesting interest and attorney's fees, and Hogan then filed a motion to confirm the arbitration award. At the suggestion of the court the parties agreed to request the arbitrators to reconvene and clarify their award only on the issue of attorney's fees and to indicate (1) whether any attorney's fees were awarded to Hogan and (2) if so, the amount of the fees awarded. The arbitrators responded that under the arbitration rules and the Connecticut arbitration statutes that they were not required to break down any awards and refused to do so.
Milford's application is made under section 52-418 of the General Statutes to vacate the arbitration award. While section 52-419 (a)(2) allows the Superior Court to make an order modifying or correcting an arbitration award if the arbitrators have awarded money upon a matter not submitted to them, the submission to them of the dispute under the construction contract was unrestricted. The failure of the arbitrators to state what amount, if any, was awarded for attorney's fees makes it impossible to reduce the award by the amount of any attorney's fees that were improperly awarded. CT Page 4664
Section 52-418 allows the Superior Court to vacate an arbitration award if any one of four specified defects exists. However, the factors stated in section 52-418 which allow an arbitration award to be vacated are not exhaustive and do not limit the scope of judicial review of arbitration awards in all instances. Stratford v. Local 134, IFPTE,201 Conn. 577, 583. Subsection (1) of the statute allows the award to be challenged if it has been procured by undue means. Subsection (3) allows an arbitration award to be vacated if the arbitrators have refused "to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced."
The party challenging an arbitration award has the burden of proving any claim of misconduct. Twin Towers Associates v. Gilbert Switzer Associates, 4 Conn. App. 538,540, cert. denied 197 Conn. 811. See also Lacey v. Williams,16 Conn. App. 711, 714; Schwarzschild v. Martin, 191 Conn. 316,327. In determining whether arbitrators have exceeded their authority or improperly executed the same under section52-418 (a), the court only examines the submission and the award to determine whether the award conforms to the submission. American Universal Insurance Co. v. Del Greco,205 Conn. 178, 186; Waterbury Construction Co. v. Board of Education, 189 Conn. 560, 563; Ramos Iron Works, Inc. v. Franklin Construction Co., 174 Conn. 583, 587. Under an unrestricted submission, the arbitrators' decision is considered final and binding, and the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact. American Universal Insurance Co. v. Del Greco, supra, 186 and cases cited therein. It is also true that the award need contain no more than the actual decision of the arbitrators. Stratford v. Local 134, IFPTE, supra, 583; Ramos Iron Works, Inc. v. Franklin Construction Co., supra, 589. The limited scope of judicial review occurs because the parties voluntarily bargained for the decision of the arbitrators, are presumed to have assumed the risks of arbitration, and cannot argue later that they should not be bound by the results, even if the outcome is regarded as unwise or wrong on the merits. American Universal Insurance Co. v. Del Greco, supra, 186, 187. The submission to arbitration is unrestricted unless the parties otherwise agree to restrict it. Bennett v. Meader,208 Conn. 352, 363; Ramos Iron Works Inc. v. Franklin Construction Co., supra, 588, 589. Even though the arbitrators have broad authority when a matter is submitted to them, the parties are entitled to a fair hearing. Bennett v. Meader, supra, 363. In fact, most of the grounds for vacating an arbitration award in section 52-418 (a) are CT Page 4665 concerned with fairness of the hearing procedure as opposed to the result of the arbitration.
The challenge made by Milford that Hogan improperly presented its claim for attorney's fees is in effect a challenge to the fairness of the proceedings, or at least review of the application will be limited to that ground. While testimony was not offered at the hearing on the motion to vacate or confirm the award, both parties attached exhibits to their respective motions containing the pertinent documents outlining the procedural history of the arbitration proceedings without objection from the other side. These documents have been considered as well as the original and supplemental briefs filed with the arbitrators which have been made part of the record. The amount awarded by the arbitrators for attorney's fees, if any, is uncertain, because the arbitrators have refused to clarify the award. Otherwise, what occurred here is evident from the record.
Hogan's request for arbitration included a claim that it should be awarded fees and administrative expenses of arbitration, including a reasonable attorney's fee. The request did not identify a claim by Hogan that it was claiming attorney's fees in the form of punitive damages. More important, no evidence on that issue was presented to the arbitrators at the arbitration hearings. In its post hearing memorandum Milford addressed the attorney's fee claim in a cursory manner, presumably because there was no evidence on this issue at the hearings, stating that Connecticut case law allows attorney's fees to be recoverable only when a contract provides for it or when it is allowed by statute. Milford claimed that no attorney's fees should be allowed here because there was no contract or statutory provision for them, so that an award of attorney's fees would be beyond the authority of the arbitrators. In its reply brief of October 9, 1990 Milford argued against punitive damages and attorney's fees claiming that there was no evidence on these issues at the arbitration hearings, and that Hogan improperly waited until the hearings were closed to make the claims and produce evidence of attorney's fees in the form of affidavits. Milford claimed that this interfered with its right of cross examination of witnesses and documents during the arbitration hearings, amounting to a denial of a fair hearing and its rights of due process. Milford also claims that Hogan illegally presented evidence to the arbitrators in violation of Construction Industry Arbitration rules 31 and 32. Rule 31 provides in part that "all evidence shall be taken in the presence of the arbitrators and all of the parties." CT Page 4666
Rule 32 provides:
32. Evidence by Affidavit and Filing of Documents
 The arbitrator may receive and consider the evidence of witnesses by affidavit, giving it such weight as seems appropriate after consideration of any objections made to its admission.
 All documents not filed with the arbitrator at the hearing, but arranged for at the hearing or subsequently by agreement of the parties, shall be filed with the AAA for transmission to the arbitrator. All parties shall be afforded opportunity to examine such documents.
Implicit in their rules is that evidence can be presented by affidavit at the hearings, and if an objection is made the arbitrators decide whether to consider it. After the hearing the only documents that should be submitted are those agreed to at the hearing or subsequent to the hearing by the parties. The affidavits from Hogan's counsel was unexpected by Milford and objected to. It violated Rules 31 and 32, which were part of the rules under which the parties agreed to submit their dispute to arbitration.
The failure of the arbitrators to indicate whether they considered Hogan's post hearing evidence and included some attorney's fees as part of the arbitration award hampers resolution of the fair hearing claim. Hogan argues that the award should not be vacated because Milford has not proven that it was prejudiced by the evidence received by the arbitrator. That argument is an overly simplistic way of sweeping its improper post hearing conduct in violating the arbitration rules under the table. When the arbitrators declined to break down the award, it became impossible for Milford to prove that the arbitrators were not influenced by it, since it cannot force the arbitrators to disclose the basis of their award or cross examine them as to the basis of their decision in a judicial proceeding. See Welch v. Zoning Board of Appeals, 158 Conn. 208, 215, citing United States v. Morgan, 313 U.S. 409, 422.
The subject of receipt of evidence by arbitrators after the close of the hearings in violation of the American Arbitration Association rules has come up in several cases. In Fraund v. Design Ideas, Inc., 17 Conn. App. 280, 285, a finding of waiver of any objection to a post hearing CT Page 4667 submission of evidence was upheld. There both parties submitted post hearing evidence to the arbitrator as part of their respective briefs in violation of the rules and no objection was made, which was found to be a waiver under rule 38 of the commercial arbitration rules which provides that a party who fails to make a written objection is deemed to waive the right to object to a violation of the rules. This case is different because here only Hogan improperly submitted evidence after the public hearing, and Milford made a prompt objection.
In Vincent Builders, Inc. v. American Application Systems, Inc., 16 Conn. App. 486, 496, it was recognized that an arbitrator's ex parte communications with a party without the knowledge or consent of the other party may amount to misconduct of the arbitrators sufficient to warrant vacating of an arbitration award, but the ex parte communications must involve facts, issues or evidence relevant to the subject of the arbitration proceedings, and the evidence presented indicated that any conversations were on immaterial matters not related to the proceedings.
In O G/O'Connell Joint Venture v. Chase Family Limited Partnership, No. 3, 203 Conn. 133, 155, 156, a claim was made that a party manipulated the proceedings by waiting until it submitted its post hearing brief to raise a claim for lost opportunity damages, and that this amounted to obtaining an arbitration award by undue means, requiring it to be vacated under section 52-418 (a)(1). The objection was rejected because the objecting party had sufficient notice of the claim and a full opportunity to address it at the arbitration hearings. There had been evidence on the issue at the hearings as shown by the discussion of the issue of lost arbitration damages in the post hearing briefs of the objecting party. This case is different because there was no evidence produced at the hearing on the attorney's fees issue, and the claim for arbitration gave notice at most that Hogan was claiming attorney's fees as part of its claim for costs of the arbitration proceedings, but it did not give notice of a claim for punitive damages which included attorney's fees. This problem might have been cured if the arbitrators had reopened the hearing to give Milford an opportunity to question the punitive damages and related attorney's fees claim as Milford requested. Since the proceedings were not reopened and the two arbitrators made a lump swm award, there is an appearance of improper conduct by Hogan in submitting post hearing evidence which may have affected the amount of the award. In an attempt to show that Milford was not prejudiced, Hogan claims that its demand was over $714,000 not including the $124,000 claimed for CT Page 4668 attorney's fees and that the award to it was only $651,000. Hogan's argument is based on the false premise that the award included almost all of Hogan's other claims and nothing for attorneys fees. Since the arbitrators refuse to break down the award or indicate that they awarded no attorney's fees, Hogan cannot prove that the amount awarded to it did not include attorney's fees any more than Milford can conclusively prove that it did, but Milford's position is supported by the fact that the panel awarded Hogan a substantial portion of its claim.
Hogan relies upon the presumption of validity of an arbitrators' award and the fact that the burden is on the party challenging the award to produce evidence sufficient to show that it does not conform to the submission. Board of Education v. Waterbury Teachers Association, 216 Conn. 612,618.
In the absence of evidence from the arbitrators that they did not consider the documents submitted by Hogan in violation of the arbitration rules after the hearings were closed, the court cannot presume that they disregarded the the documents and the claim for attorneys fees as punitive damages. The submission of that evidence after the hearings prevented Milford from cross examining Hogan's witnesses and representatives on the services and items billed, the billing rates, and whether the fees were reasonable, related to the claims in arbitration and proper as punitive damages. Since the hearings were not reopened, Milford was also precluded from offering evidence in explanation or rebuttal. The amount of fees claimed was significant, and so was the award. Neither of the two arbitrators are attorneys and cannot be presumed to be knowledgeable about reasonableness of attorneys fees and the legality of awarding punitive damages. Hogan vigorously argued that the arbitrators could award attorneys fees as punitive damages, and it cannot be assumed that the arbitrators disregarded that argument. Under the facts here Hogan's violation of the arbitration rules is found to be prejudicial to Milford and deprived it of a fair hearing.
In administrative appeals, ex parte communications with the agency members or submission of evidence after the public hearing creates a rebuttable presumption of prejudice and shifts the burden of proving that the conduct or evidence was not prejudicial to the party seeking to uphold the agency's decision. Martone v. Lensink, 207 Conn. 296, 300; Blaker v. Planning and Zoning Commission, 212 Conn. 471, 479, 480; Henderson v. Department of Motor Vehicles, 202 Conn. 453,459. It has not been held that this rule applies to CT Page 4669 arbitration proceedings. While there are sound reason for doing so as claimed by Milford, it is not necessary to go that far because Milford has shown by a preponderance of the evidence actual prejudice from the post-hearing evidence submitted in violation of the arbitration rules. The situation here differs from Lacey v. Williams, 16 Conn. App. 711,715 where there was nothing in the record to show that evidence on the disputed claim was ever presented to the arbitrators.
While the court is most reluctant to set aside an arbitration award after 20 or 21 days of hearings, a party to arbitration bargains for proceedings following the arbitration rules and a fair hearing. Since it is difficult to challenge legal and factual conclusions reached by the arbitrators from the evidence presented to them, fairness of the arbitration proceedings is important. Hogan has created the problem here, and the court cannot determine exactly how much the award was puffed up by the illegal evidence. Hogan's conduct coupled with the refusal of the arbitrators to state that they disregarded Hogan's illegal evidence requires the award to be vacated under section 52-418 (a) C.G.S.
The motion to vacate the award is granted. The motion to confirm the award under section 52-417 C.G.S. is denied.
ROBERT A. FULLER, JUDGE