[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Collegian Movers, Inc., filed an application to vacate or modify the arbitration award dated August 7, 1998, which awarded the defendant, Julia Harrison, monetary damages. The defendant filed an application to confirm the arbitration award.
The parties entered into a written agreement whereby the defendant hired the plaintiff to move furniture. The agreement provided that if a controversy arose between the parties, it was to be submitted to arbitration. (Application to Vacate or Modify Arbitration Award, ¶ 3; Application to Confirm Arbitration Award, ¶ 3.) A controversy arose, and the dispute was submitted to the American Arbitration Association, where it was heard on April 8, 1998 and May 14, 1998. (Application to Vacate or Modify Arbitration Award, ¶¶ 4-5; Application to Confirm Arbitration Award, ¶¶ 4-5.) The arbitrator issued his decision on August 7, 1998, awarding the defendant, Julia Harrison, "the sum of $33,687.23 to be paid by Collegian Movers, Inc. . . . This Award is in full and final settlement of any and all claims submitted to this Arbitration." (Arbitration Award.)
The plaintiff filed an application to vacate or modify the arbitration award stating that "(a) [t]he award does not conform to the submission. The arbitrator had no authority to award punitive damages, as that was not part of the agreement to arbitrate; (b) [t]he award does not conform to the submission as the arbitrator did not apply or enforce the moving agreement; (c) [t]he award was rendered more than thirty (30) days after the hearings were completed, in violation of statute; and (d) [t]he arbitrator has so imperfectly exceeded his powers that he CT Page 1618 improperly awarded punitive damages; failed to enforce the terms of the moving contract; and misallocated fees and expenses." (Application to Vacate or Modify Arbitration Award, ¶ 7.) The defendant filed an application to confirm the arbitration award. (Application to Confirm Arbitration Award, ¶ 6.)
Connecticut arbitration legislation is embodied in General Statutes §§ 52-408 through 52-424. Section 52-408 of the General Statutes gives contracting parties the power to agree to submit any controversy arising out of their contract to arbitration. The parties in this case have agreed, in their moving contract, to submit "any controversy or claim" arising out of their agreements to arbitration. After arbitration is complete and the opinion and award have been rendered, application may be made to the Superior Court for an order confirming or vacating the award. General Statutes §§ 52-417 and 52-418, respectively.
"Arbitration is a creature of contract and the parties themselves, by the terms of their submission, define the powers of the arbitrators. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Citations omitted; internal quotation marks omitted.) United States Fidelity Guaranty Co. v. Hutchinson,244 Conn. 513, 519, 710 A.2d 1343 (1998).
"Arbitration awards are generally upheld and [the reviewing court gives] deference to an arbitrator's decision since it is favored as a means of settling disputes." Bridgeport v.Connecticut Police Department Employees, 32 Conn. App. 289, 292,628 A.2d 1336, cert. denied, 227 Conn. 925, 632 A.2d 703 (1993). "This court has long endorsed arbitration as an alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation." (Internal quotation marks omitted.) New Haven v. AFSCME, Council 15, Local 530, 208 Conn. 411, 415, 544 A.2d 186 (1988); see WatertownPolice Union Local 541 v. Watertown, 210 Conn. 333, 338,555 A.2d 406 (1989) ("we have consistently stated that arbitration is the favored means of settling differences and arbitration awards are generally upheld").
"Every reasonable presumption will be made in order to sustain an award." Bridgeport v. Connecticut Police DepartmentCT Page 1619Employees, supra, 32 Conn. 293. "The scope of review by the court of an arbitrator's power to make an award is limited. . . . The parties themselves, by the agreement of the submission, define the powers of the arbitrator. . . . The submission constitutes that charter of the entire arbitration proceedings and defines and limits the issues to be decided. . . . When the parties have agreed to a procedure and have delineated the authority of the arbitrator, they must be bound by those limits. . . . An application to vacate or correct an award should be granted when an arbitrator has exceeded his power. In deciding whether an arbitrator has exceeded his power, we need only examine the submission and the award to determine whether the award conforms to the submission." (Internal quotation marks omitted.) City ofHartford v. International Association of Firefighters, Local 760,49 Conn. App. 805, 811-12, 717 A.2d 258, cert. denied,247 Conn. 920, ___ A.2d ___ (1998).
"In determining whether a submission is unrestricted we look at the authority of the arbitrator. The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of the issues reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted." (Internal quotation marks omitted.)City of Norwalk v. AFSCME Council 16, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 142159 (May 26, 1995, Karazin, J.); see also Bodner v. United ServicesAutomobile Association, 222 Conn. 480, 487-91, 610 A.2d 1212
(1992); City of Hartford v. International Association ofFirefighters, Local 760, supra, 49 Conn. App. 812.
Even where a submission is unrestricted, however, an award may be vacated on three grounds, if: "(1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . or (3) the award contravenes one or more of the statutory proscriptions of [General Statutes §] 52-418." (Citations omitted.) Garrity v. McCaskey, 223 Conn. 1, 6,612 A.2d 742 (1992).
The plaintiff seeks to have the award vacated and/or modified on the grounds that, inter alia, the award does not conform to the submission. The defendant, Julia Harrison, was the claimant before the arbitrator. When she filed for arbitration, she stated that "[t]he acts and omission of Collegian . . . constitute negligence, negligent misrepresentation, fraudulent CT Page 1620 misrepresentation, breach of contract and an unfair and/or deceptive act of practice in the conduct of trade or commerce under the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes § 42-110a et. seq." (Nature of Damages, filed by the Claimant, p. 3.) The claimant sought, through arbitration, "(1) [a]ctual damages; (2) [p]unitive damages; (3) [c]osts and disbursements of the action; (4) [i]nterest; (5) [a]ttorneys' fees; and (6) [s]uch further and other relief as is just and equitable." (Id., p. 3.)
The arbitrator, in his award of arbitration, held that "[o]n the claim of Julia Harrison, I [a]ward Julia Harrison the sum of $33,687.23 to be paid by Collegian Movers, Inc." (Award of Arbitration.) The next two paragraphs of the arbitrator's decision allocate the amount of fees and expenses due by each party. Finally, the arbitrator states that "[t]his Award is in full and final settlement of any and all claims submitted to this Arbitration." (Id.)
The plaintiff argues that the CUTPA claim should not have been included in the submission to the arbitrator since the moving contract between the parties stated that "[t]he carrier or party in possession of any of the property herein described shall be liable as at common law for any loss thereof or damage, thereto, except as herein provided." (Contract Terms and Conditions, § 1.) However, there is no evidence that the plaintiff objected to the claimant's submission, and in fact, the plaintiff proceeded with the arbitration.
This case is similar to Lacey v. Williams, 16 Conn. App. 711,548 A.2d 1357 (1988), where the appellate court found that the trial court did not err when it confirmed an arbitration award which involved CUTPA claims. "We note initially that the defendants did not object to arbitration and they participated in the proceedings. They did not seek an immediate judicial determination of arbitrability pursuant to General Statutes [§] 52-415. See New Haven v. AFSCME, Council 15, Local 530,208 Conn. 411, 414, 544 A.2d 186 (1988). If the parties mutually agree to submit their dispute to arbitration, the resulting award is not reviewable for errors of law or fact. Id., 415. While it is true that the plaintiff alleged that the defendants had violated CUTPA and sought punitive damages, nowhere is it shown in the record that the arbitrator even considered CUTPA, much less that he made an award under it. The burden rests on the party attacking the award to produce sufficient evidence to CT Page 1621 invalidate it. Schwartzschild v. Martin, 191 Conn. 316, 327,464 A.2d 774 (1983)." Lacey v. Williams, supra, 16 Conn. App. 714.
The plaintiff in this case, as in Lacey, has not met its burden of proving that the arbitrator's award was based on the CUTPA claim. The arbitrator makes no reference as to how he calculated the award. Therefore, there is no reason for this court to assume that the damages were awarded because of the CUTPA claim. See Lacey v. Williams, supra, 16 Conn. App. 715.
The plaintiff also argues that the arbitrator exceeded his authority since CUTPA claims may not even be arbitrated. That is an incorrect statement of law. The Supreme Court has held that an arbitrator may award damages pursuant to CUTPA. SaturnConstruction Co. v. Premier Roofing Co., 238 Conn. 293, 309,680 A.2d 1274 (1996) ("[W]e conclude that the arbitration panel could have awarded attorney's fees pursuant to CUTPA . . . ."); Fink v.Golenbock, 238 Conn. 183, 215, n. 10, 680 A.2d 1243 (1996) ("[B]ecause we have been presented with no public policy reason to preclude the arbitration of CUTPA claims, the plaintiff's claim for a violation of CUTPA in this case could have been submitted to arbitration").
Furthermore, the Supreme Court has held that "[e]ven a dispute about the arbitrability of an issue, if the parties have submitted the issue of arbitrability to the arbitrators, is ordinarily definitively resolved by an arbitration award."Diamond Fertiliser and Chemical Corp. v. Commodities TradingInternational Corp. , 211 Conn. 541, 550, 560 A.2d 419 (1989). The court held that "[t]he plaintiff, as the party challenging the award, bears the burden of demonstrating that the arbitration award violates the parties' agreement." Id.
The court, in Diamond, further held that since the plaintiff failed to object during the arbitration, it cannot first object to the court. "We have made it clear that we will not permit parties to anticipate a favorable decision, reserving a right to impeach it or set it aside if it happens to be against them, for a cause which was well known to them before or during the trial." (Internal quotation marks omitted.) Id., 553. There is no evidence that the plaintiff objected to the claimant's submission or to the timing of the arbitrator's decision. Furthermore, the plaintiff participated in the arbitration proceedings. "The plaintiff's attempt to manipulate the arbitration process by reserving objection until after the announcement of the arbitral CT Page 1622 award is precisely the kind of conduct that we discountenanced inKrattenstein v. G. Fox Co., [155 Conn. 609, 236 A.2d 466
(1967)]. We will no reward such conduct here." Id.
In this case, the plaintiff has failed to meet its burden of proving that the arbitrator's award should be vacated. Arbitration awards are "generally upheld" and arbitration is "favored as a means of settling disputes." Bridgeport v.Connecticut Police Department Employees, supra,32 Conn. App. 289; Watertown Police Union Local 541 v. Watertown, supra,210 Conn. 333. There is no evidence that the arbitrator exceeded his authority. See City of Hartford v. International Association ofFirefighters, Local 760, supra, 49 Conn. App. 805. As such, this court will not disturb the arbitrator's award. Accordingly, the plaintiff's application to vacate and/or modify the award is denied and the defendant's application to confirm the award is granted.
_________________ DEAN, J.