[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This court has long endorsed arbitration as an alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation. We have recognized that when arbitration is consensual, rather than statutorily imposed, judicial review is limited in scope. If the parties mutually agree to submit their dispute to arbitration the resulting award is not reviewable for errors of law or fact. Judicial review of unrestricted submissions is limited to a comparison between the submission and the award to see whether, in accordance with the powers conferred upon the arbitrators, their award conforms to the submission.
(Citations and internal quotations omitted.) New Haven v. AFSCME Council 15, Local 530, 208 Conn. 411, 415-16, 544 A.2d 186
(1988). See also American Universal Insurance Co. v. DelGreco,205 Conn. 178, 186, 530 A.2d 171 (1987) ("[I]n determining whether an arbitrator has exceeded his authority or improperly executed the same under [General Statutes section] 52-418(a), the courts need only examine the submission and the award to determine whether the award conforms to the submission.")
"The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights or conditioning the award on court review. In the absence of any CT Page 2325 such qualifications, a submission is unrestricted." Garrity v. McCaskey, 223 Conn. 1, 5, 612 A.2d 742 (1992).
 Even in the case of an unrestricted submission we have, however, recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute; (2) the award violates clear public policy; or (3) the award contravenes one or more of the statutory proscriptions of [General Statutes] 52-418.
Id., 6.
The grant of authority to the arbitrator, pursuant to Article V 6a of the 1986-1989 Collective Bargaining Agreement between the city and the IAFF, states that: "[t]he authority of the arbitrator shall be limited to the interpretation and application of this Contract. He shall have no right to add or subtract from the Contract." Section 6a calls for consensual arbitration. The section does not limit or condition the authority of the arbitrator. As such, both submissions to the arbitrator are unrestricted. Id.
The IAFF's argument that the SBMA imperfectly executed its authority is based on the scope of review provision in General Statutes 52-418(a)(4). Thus, the court's review in this case is limited to ensuring that the award conforms to the submission. See, e.g., American Universal Insurance Co. v. DelGreco, supra, 186. The arbitrator's awards conform to the submissions in that they answer the specific issues presented regarding interpretation of the collective bargaining agreement. As such, the motion to vacate the awards is denied and the motion to confirm the awards is granted.
SYLVESTER, J. CT Page 2326