[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Robert B. Mitchell for plaintiff.
Ben Wenograd for defendant.
The plaintiff City of Bridgeport has applied to vacate an arbitration award pursuant to General Statutes § 52-418(a)(4), CT Page 7722 claiming that the arbitrators exceeded their powers because the relief ordered by the arbitrators contravenes a public policy of the state of Connecticut. The defendant union, National Association of Government Employees, Local R1-200, ("NAGE") opposes the application to vacate and has filed a cross-application to confirm the arbitrators' award.
Pursuant to a collective bargaining agreement between the plaintiff and the defendant, an arbitration panel of the State Board of Mediation and Arbitration convened to determine whether the employment of Kane Arnold, a City employee, was terminated for just cause. Arnold, a custodian at a Bridgeport elementary school, was fired by the City after an investigation into allegations by four or five fourth-grade girls that when they were at the water fountain at the school, Arnold would come up behind them and squeeze their waists and hips. One student reported that Arnold "put his hands on her chest and then touched up and down her sides." The investigation report concluded that Arnold was guilty of sexual harassment and the City terminated his employment.
The arbitration panel concluded in its award that Arnold's discharge was not for just cause. The panel ordered that Arnold be reinstated provided, however, that he was not to work at a school during hours when he could have contact with children. The City then filed the pending application to vacate the arbitration award, contending that ordering Arnold's reinstatement despite finding that he had engaged in sexually inappropriate conduct would violate Connecticut's public policy against child abuse in the schools, as set forth in General Statutes § 17a-101.
Generally, the court's role in the review of an arbitration decision is very limited because the court favors arbitration. "We have consistently stated that arbitration is the favored means of settling differences and arbitration awards are generally upheld unless an award clearly falls within the proscriptions of § 52-418
of the General Statutes." Board of Education v. AFSCME,195 Conn. 266, 270 (1985). In furtherance of arbitration the court will make every reasonable presumption in favor of the award and the burden is on the plaintiff to produce evidence sufficient to invalidate it. Milford Employees Association v. Milford, 179 Conn. 678,683 (1980). The trial court's analysis customarily is limited to determining whether the award conforms to the submission, if unrestricted, and if it does, the award will be confirmed. Waterburyv. Waterbury Police Union, 176 Conn. 401, 405 (1979). CT Page 7723
Connecticut does recognize, however, two exceptions to the broad authority otherwise enjoyed by arbitrators. One of the exceptions is the public policy exception. City of New Haven v.AFSCME, Council 15, Local 530, 208 Conn. 411, 416 (1988). Where an arbitration award is challenged as contravening state public policy, courts may vacate the award even though it conforms to the submission. State v. Council 4, AFSCME, 27 Conn. App. 635,640 (1992).
Arbitrators will be found to have exceeded their authority, as provided in General Statutes § 52-418(a)(4), where the arbitration award orders a party to engage in conduct which is illegal or "in clear violation of public policy." City of New Haven v. AFSCFSCME, supra. The public policy exception should be narrowly construed and limited to situations where the agreement as interpreted would violate an explicit public policy which is clearly defined and dominant. State v. Council 4, AFSCME, supra. The party challenging the award bears the burden of proving that the award's conflict with public policy is "clearly demonstrated."City of New Haven v. AFSCME, supra, 417.
The court agrees with the plaintiff that the public policy of this state is to protect children whose health and welfare might be adversely affected and to provide a safe environment for children, General Statutes § 17a-101(a), and that this public policy includes protection from sexual abuse. Other courts have found that arbitration awards ordering reinstatement will not be confirmed or enforced where the reinstatement contravenes a recognized public policy against sexual harassment in the work place, Newday,Inc. v. Long Island Typographical Union, No. 915, CWA, AFL-CIO,915 F.2d 840, 845 (2d Cir. 1990), cert. denied,113 S.Ct. 660 (1992), or a public policy requiring accurate documentation of investigations of child abuse. Dept. of Central ManagementServices v. AFSCME, 245 Ill. App.3d 87, 614 N.E.2d 513, 519
(1993), app. denied, 152 Ill.2d 556, 622 N.E.2d 1203 (1993).
However, the plaintiff misstates the finding of the arbitration panel concerning the nature of Arnold's misconduct. Although finding Arnold's conduct "inappropriate," the panel specifically rejected a finding that the conduct was sexual in nature:
 After considering all of the circumstances surrounding the incidents being complained of, the various steps taken by both the Board of Education and the City and the evidence and the testimony offered at the hearings the panel of arbitrators has CT Page 7724 concluded that Mr. Arnold was not guilty of sexual harassment, but that his behavior with respect to the children was inappropriate. . . .
 Even though Mr. Arnold's behavior was inappropriate, it did not rise to the level where he should have been discharged. . . .
(Emphasis added.) The plaintiff's argument that the award contravenes public policy because it orders the reinstatement of an employee found to have engaged in sexual misconduct cannot be sustained in light of the panel's express rejection of the City's claim of misconduct of a sexual nature.
In the absence of any valid claim of a public policy exception, the court's role in the review of the arbitration award is limited. The court finds that the submission to the arbitration panel was unrestricted and that the award conforms to the submission. Accordingly, the application to vacate the award is denied and the cross-application to confirm the award is granted.
VERTEFEUILLE, JUDGE