[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 4536
The above-captioned cases come before this court on the application of Anthony and Kimberly Pascucelli to confirm and the application of Donmar Development Corp. to vacate an arbitration award arising from disputes concerning the construction and installation of a modular home.
It is undisputed that the construction contract into which the parties entered in December 1994 provided for arbitration of "[a]ny and all disputes, claims and controversies, arising out of or related to this agreement . . ." The parties likewise do not dispute that they submitted to an arbitrator affiliated with the American Arbitration Association Donmar's claims for payments due and the Pascucelli's claims for damages caused by defects.
The parties did not frame a written submission of the issues but presented evidence as to their various claims of violation of obligations alleged to have been part of the contract. The arbitrator issued his award on March 5, 1997.
Donmar claims that the arbitrator exceeded his power by compensating the Pascucellis for delay and damages during repairs "which were not in conformity with the parties' submission." Donmar further claims that the arbitrator "misinterpreted the terms of the contract documents" in determining that the Pascucellis should recover $20,500 for interior repairs and $6,450 for additional site work. Donmar claims that the Pascucellis waived compensation for these items in an agreement dated May 2, 1995 and that the arbitrator violated C.G.S. §52-418 (a)(4) by failing to give effect to the alleged waiver.
The court concludes that the submission to the arbitrator was unrestricted. Where a submission is unrestricted, the award is to be confirmed unless it contravenes one or more of the statutory prescriptions of Conn. Gen. Stat. § 42-418. Garrity v.McCaskey, 223 Conn. 1, 6 (1992); Carroll v. Aetna Casualty Surety Co., 189 Conn. 16, 22-23 (1983). Donmar claims that the award violates Conn. Gen. Stat. § 52-418 (a)(4) in that the arbitrator "exceeded [his] powers" by failing to give effect to claimed contractual waivers. In construing § 52-418 (a)(4), where the submission is unrestricted, the Supreme Court has "looked to a comparison of the award with the submission to determine whether the arbitrator [has] exceeded [his] powers."Garrity v. McCaskey, 223 Conn. 7, citing New Haven v. AFSCME,CT Page 4537Council 15, Local 530, 208 Conn. 411, 415 (1988); O G/O'ConnellJoint Venture v. Chase Family Limited Partnership No. 3,203 Conn. 133, 153 (1987). The award decides the disputes submitted, and the arbitrator has therefore not exceeded the scope of his power.
Donmar does not claim that the substance of the award violates provisions of the constitution or that it manifestly disregards provisions of law, see New Haven v. AFSCME, LocalCouncil 15, Local 530, 208 Conn. 416-417. Claims of misconstruction of contractual obligations have been held not to constitute a violation of § 52-418 (a)(4). Id.
Donmar's claims implicate no constitutional issue or matter of public policy; rather, they are claims that the arbitrator failed to reach the favored conclusion as to the facts and application of contractual provisions to those facts. Since the award conforms to the submission, this court may not review the merit of the arbitrator's analysis but must give effect to the agreement of the parties to have the disputed issues of law and fact decided by the arbitrator. See Garrity v. McCaskey,223 Conn. 4; Hartford v. Board of Mediation Arbitration,211 Conn. 7, 14 (1989); Middletown v. Police Local, No. 1361,187 Conn. 228, 230 (1982).
CONCLUSION
The application of Donmar Development Corporation to vacate the award is denied. The application of Anthony Pascucelli and Kimberly Pascucelli to confirm the award is granted.
Beverly J. Hodgson Judge of the Superior Court