[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION TO CONFIRM AND TOVACATE ARBITRATION AWARD
FACTS
The parties have stipulated to eight paragraphs of facts with seven attached documents lettered A through G. The paragraphs are as follows:
1. On or about January 18, 1995, the plaintiff submitted the enclosed documents [Exhibits A through C, attached] to the State Board of Medication and Arbitration. [See Exhibit A].
2. On or about February 16, 1995, the defendant objected to the submission of such documents. [Exhibit F].
3. On or about March 3, 1995, the plaintiff responded in opposition to the defendant's objection. [Exhibit G]. CT Page 7989
4. The enclosed documents [Exhibits A through G] represent true and accurate copies of those documents submitted to the State Board of Mediation and Arbitration.
5. The State Board of Mediation and Arbitration sent copies of both the plaintiff's January, 1995 documentary submissions and the defendant's February 16, 1995 objection to such documents to all parties and the arbitrators. [See Transmittal Memoranda, Exhibits D and E].
6. Exhibit B, which is an undated newspaper article, was published on or about February 11, 1982.
7. The copy of the collective bargaining agreement between the plaintiff and the defendant, which is attached to both the plaintiff's Application to Vacate Arbitration Award and the defendant's Answer and Counter application to Confirm Award, is a true and accurate copy of such agreement.
8. The copy of the arbitration award, which is attached to both the plaintiff's Application to Vacate Arbitration Award and defendant's Answer and Counter-application to Confirm Award, is a true and accurate copy of such award.
In addition the court finds the following facts:
The plaintiff, and the defendant, are parties to a collective bargaining agreement (Agreement). The plaintiff filed a grievance in regard to one of its members, Robin Beavers (Beavers). which resulted in a hearing before the State Board of Mediation and Arbitration (SBMA).
Beavers was a monitor employed by defendant under the Agreement. Under a separate Teachers' Agreement with defendant he was hired as a basketball coach under that Teachers' Agreement.
The defendant paid Beavers under the Agreement and separately under the Teachers' Agreement but refused to combine the two jobs and the hours worked under each for purposes of the Agreement, Article I.
The submission to SBMA was as follows:
Was Robin Beavers properly paid for the CT Page 7990 work that he performed for the Norwalk Board of Education? If not, what shall be the remedy?
The award said:
 Robin Beavers was properly paid for the work he performed for the Norwalk Board of Education. The grievance is denied.
It is plaintiff's position on its application to vacate that the arbitrators exceeded their powers such that a mutual, final and definite award was not rendered under C.G.S. section 52-418
(a)(4) and that the award is against public policy as set forth under C.G.S. section 31-76c and e.
In addition the arbitrators wrote a memo in the Discussion section in which they stated:
 It is undisputed that Mr. Beavers applied for and was awarded a coaching position. Coaching positions are in the teachers bargaining unit and Mr. Beavers was paid according to the teachers' bargaining agreement. The contract with Local 1042 does not confer jurisdiction in the Union to control Mr. Beavers coaching position. Since the coaching position is not part of the contract with Local 1042 the Union has no rights as regards the coaching position held by Mr. Beavers.
The Preamble of the Agreement, in pertinent part reads as follows:
 The Board recognizes the Union as the exclusive bargaining agent and representative of the Custodial Maintenance Staff and Monitors, for the purpose of collective bargaining with respect to wages, hours, and other conditions of employment, and standards of productivity and performance.
 The Board of Education and Local 1042 of Council 4 Custodians and Maintenance hereby agree that the welfare of the children of Norwalk is paramount to the operation of the schools and hereby diligently promoted by both parties and CT Page 7991 that the good morale of the school staff is necessary to the greatest welfare of the children.
In contrast, the arbitrators found as a fact that coaching duties assumed by the Beavers was "listed in the Norwalk Teachers' Contract and is a position which first goes to members of the teachers bargaining unit." Beavers was paid for his coaching work "in accordance with the Teachers' Contract."
The court had no information as to what, if any, benefits are paid to or for Beavers such as vacations, holidays, pension, or medical insurance. Nor does the court know what the defendant pays for Beavers' unemployment or worker's compensation insurance under the Teachers' Agreement. The court can only infer that the arbitrators' finding that Beavers "was paid in accordance with" that contract that all those items were included "in accordance with the Teachers' Contract."
We know that Beavers was covered by two collective bargaining agreements and we know he was required to pay union dues under the Agreement. We do not know if he was required to pay such dues under the Teachers' Contract.
LAW
 I. STATUTE
This application is based on the allegation that "the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made" under C.G.S. § 52-418 (a)(4).
The scope of judicial review is here limited by the terms of the Agreement and the above statute. American UniversalInsurance Company v. DelGreco, 205 Conn. 178, 185. The arbitrators could clearly find that the Agreement did not apply to coaching duties. This court finds that they did render a mutual, final and definite award and that it was within the submission. It was not inconsistent with the Agreement. Board ofEducation of the City of Hartford v. Local 818, Council #4AFSCME. AFL-CIO 5 Conn. App. 636, 640.
II. PUBLIC POLICY
CT Page 7992
"[A]rbitrators exceed their authority if their award orders a party to engage in conduct that is patently illegal or in clear violation of public policy." New Haven v. AFSCME. Council 15Local 530, 208 Conn. 411, 416.[1] This is an exception to C.G.S. § 52-418a and that exception is to be "narrowly construed." Id. 417. The question for this court involves the lawfulness of enforcing the award. Board of Trustees v.Federation of Technical College Teachers, 179 Conn. 184, 195. The burden is on the plaintiff to prove clearly that enforcement would be unlawful. New Haven v. AFSCME Council 15, Local 530,supra 417.
The plaintiff's public policy argument is based on a claimed violation of C.G.S. §§ 31-76c and 76e. The statutes make clear what the public policy of Connecticut is in regard to overtime pay. If a person works for one employer for more than forty hours a week the employee shall receive pay "at a rate not less than one and one-half times the regular rate at which he is employed." C.G.S. § 31-76c. The question then is what is his "regular rate" when he is employed under two separate contracts for two separate kinds of work.
The plaintiff argues that the arbitrators failed to make their award conform to "the contract" (emphasis added). There are two contracts. The arbitrators could easily find that Beavers' coaching hours were not covered by his monitor contract.
Defendant argues that C.G.S. § 10-149 and Connecticut Agency Regulations §§ 10-145d-423 thru 425 make Beavers coaching job a certified position. The arbitrators found that Beavers was employed under two separate contracts with one employer — the defendant. The court is not concerned that Beavers was "certified" under the Teachers' Contract.
Plaintiff failed to prove in its presentation to the Arbitrators Beavers position under both contracts in regard to union dues and payment of non-wage benefits. As a result neither the Arbitrators nor this court could find a clear violation of public policy.
Application to vacate is denied.
Application to confirm is granted.
Norris L. O'Neill, J. CT Page 7993