[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, the state of Connecticut, presents this motion to the court pursuant to General Statutes § 52-418
to vacate an arbitration award that had been issued in favor of the defendant union and an employee. The court finds the issues in favor of the defendants.
The facts essential to the court's decision are not in dispute. The state department of revenue services had penalized an employee union member for what it deemed to be inadequate work production. The penalty imposed was a one day suspension with loss of pay and associated benefits. The employee filed a grievance. The arbitration followed, pursuant to the collective bargaining agreement between the parties.
By agreement of the parties, the arbitration was limited to consideration of the following questions:
 Does the just cause provision of Article 14 of the collective bargaining agreement extend to discipline for performance shortcomings including but not limited to quality and quantity of performance? CT Page 7138
 If not, what shall be the disposition of this matter?
The term "this matter" plainly refers to the specific grievance filed by the employee contesting his one day suspension without pay.
Both parties submitted memoranda of law and oral argument. Following the hearing, the arbitrator rendered a written decision providing, in part, as follows:
 The action of the State . . . in rating and disciplining grievant for unsatisfactory work performance was in violation of Article 10 and was without just cause as required by Article 14, Section Eight.
Based on that determination, and in answer to the second question submitted, the arbitrator ordered that the unsatisfactory rating and discipline be removed from the employee's personnel file; that the one day suspension be rescinded; that any lost leave, insurance and pension benefits be restored; and that the state pay the grievant an amount equal to one day's pay at the rate he was receiving when he was suspended plus interest at 6% per annum.
General Statutes § 52-418 provides in pertinent part as follows:
 Upon the application of any party to an arbitration, the superior court . . . shall make an order vacating the award if it finds any of the following defects: . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
"(W)hen arbitration is consensual, rather than statutorily imposed, judicial review is limited in scope. If the parties mutually agree to submit their dispute to arbitration, the resulting award is not reviewable for errors of law or fact. Judicial review of unrestricted submissions is limited to a comparison between the CT Page 7139 submission and the award to see whether, in accordance with the powers conferred upon the arbitrators, their award conforms to the submission." (Citations omitted.)City of New Haven v. AFSCME Council 15, Local 530,208 Conn. 411, 415-416 (1988). "Every reasonable presumption and intendment will be made in favor of an award of arbitrators and of their acts and proceedings . . . Hence, the burden rests on the party attacking the award to produce evidence sufficient to invalidate or avoid it." (Citations omitted.) Almeida v. Liberty Mutual Ins. Co.,234 Conn. 817, 824 (1995).
Both parties have filed briefs in connection with the state's motion to vacate the arbitrator's award, and the court heard oral argument from the parties as well. As refined during the course of the hearing before the court, the state's arguments in support of its motion are: (1) that the award does not conform to the submission; and (2) if the award does conform to the submission, the arbitrator nevertheless exceeded his power in awarding interest on the amount owed the grievant.[1]
The state claims that the issues submitted to the arbitrator posed simply an abstract question concerning the interpretation of Article 14 of the collective bargaining agreement. The arbitrator's decision did not conform to that submission, the state argues, because it provides not a general interpretation of Article 14, but rather one that relates to the specific facts of the grievance. The state argues, further, that the arbitrator's decision exceeded the bounds of the question submitted, which specified only Article 14, in that the decision also considered the provisions of Article 10. The court disagrees.
The parties' submission to the arbitrator consisted of two questions. The first question concerned the scope of Article 14, which establishes a disciplinary procedure based on "just cause." The second question particularized the submission by relating it to a specific grievance of an employee who had been disciplined pursuant to that article for inadequate work production. Viewed as a whole, therefore, the submission asked whether Article 14 of the collective bargaining agreement is broad enough in CT Page 7140 scope to permit the state to discipline, by suspending without pay, an employee who failed to achieve satisfactory work production. In order for the arbitrator's decision to conform correctly to the submission he had to respond to the first question in the context of the specific grievance which was the subject of the second question. Otherwise, the response would not have been complete.
The state's argument that the arbitrator was out of bounds in considering the provisions of Article 10 is without merit. Article 10 of the collective bargaining agreement provides a formal procedure for annual evaluations of employees and service ratings. Such evaluations and ratings are based on the employee's work performance, including production. In determining whether the disciplinary provisions of Article 14 apply to inadequate work production, it was entirely reasonable for the arbitrator to consider the meaning and scope of Article 10, which relates to that subject. The arbitrator's consideration of Article 10 in this case, therefore, had the obvious and reasonable purpose of bringing some necessary perspective to his analysis of Article 14.
With regard to the award of interest, counsel for the state conceded at oral argument to the court that the submission essentially asked the arbitrator to fashion an award that would make the grievant whole if the state had wrongly suspended him without pay. It was reasonable for the arbitrator to rule that interest on the money wrongfully withheld from the grievant is an essential component of an award that would make the grievant whole. Our Appellate Court has held that the purpose of an award of interest "is to provide compensation for a delay in obtaining money which rightfully belongs to the plaintiff. Money awarded at a later time, in some financial climates, is worth less than if it had been paid when due." Neiditz v. Morton S. Fine Associates,Inc., 2 Conn. App. 322, 331 (1984).
It is axiomatic that the law disfavors judicial intrusion when the parties have consented to arbitration and have themselves framed the issues for the arbitrator to decide. In such cases, as indicated above, the "court CT Page 7141 will make every reasonable presumption in favor of the arbitration award." O G/O'Connell Joint Venture v.Chase Family Limited Partnership No. 3, 203 Conn. 133,145 (1987). This sensible rule requires the court in this case to affirm the award.
The state's motion to vacate the award is denied.
MALONEY, J.