[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed an application with the court to vacate an arbitration award involving a contractual dispute with the defendant. The defendant has filed an application to confirm the arbitration award.
The defendant is the franchiser for Subway sandwich stores. On October 1, 1985, Brenda Boulton entered into a written contract with the defendant entitled "Development Agent Agreement." Pursuant to the agreement, Brenda Boulton was granted the right to develop and service Subway sandwich shops in certain specified counties in the states of Florida and Alabama. It is undisputed that on February 7, 1990, Brenda Boulton and the defendant amended the Development Agent Agreement to include Jeffrey Boulton, her son, as a party to the agreement.
The plaintiff claims that Brenda Boulton, shortly after signing the original agreement, assigned the Development Agent Agreement to the CT Page 6737 plaintiff and that the defendant consented to and ratified the assignment. The defendant denies that a valid assignment of the Development Agent Agreement has been made to the plaintiff.
The parties also dispute the meaning of the so-called "bonus and penalty clause" of paragraph 2c of the Development Agent Agreement. Paragraph 2c establishes a schedule for the development by the development agent of a specific number of stores in his or her territory. The bonus and penalty clause of tat paragraph provides that "If the Development Agent is ahead in the performance of his schedule, the Company shall pay him an extra $100 per month for each store that he is ahead. If he is behind schedule, he shall pay the Company $100 per month for each store that he is behind."[1]
It is undisputed that in November 1994, the plaintiff stopped paying bonuses to development agents who had previously reached the last date specified in their development schedules. The plaintiff claims that the defendant breached the Development Agent Agreement by ceasing the payment of bonuses after October 1994. The plaintiff contends that the Agreement requires the payment of bonuses for the entire term of the contract. The defendant asserts that the bonus and penalty clause of the Development Agent Agreement only requires the payment of bonuses during the development phase of the agreement and that once the development schedule ends no farther payment of bonuses is required.
A number of development agents who had contractual arrangements with the defendant that included bonus and penalty clauses designated a small group of development agents, which became known as the Development Agency Advisory Board ("DAAB"), to negotiate with the defendant a resolution of the dispute concerning the payment of bonuses. A "Bonuses and Penalty Rider" was eventually proposed as a way to settle the dispute over the payment of bonuses. Under the rider, a development agent could choose either of two options: (1) In consideration of the deletion of the provisions related to the payment of bonuses and penalties, the term of the Development Agent Agreement would be extended by two years; or (2) any bonus provided in the Development Agent Agreement would be payable in fall only until the later of (a) October, 1994, or (b) the last month of the revised Development Schedule and thereafter the defendant would pay the development agent each month 50% of the bonus earned during October, 1994 or during the last month of the development schedule, whichever applied.
On or about February 1996, the defendant sent the Boultons a proposed Bonuses and Penalty Rider together with a letter which indicated that, under option two, the Boultons would receive 50% of $3,200 or $1,600 monthly and that the Boultons would be owed $27,200 in bonus payments CT Page 6738 through February 1996. The letter instructed the Boultons to choose option one or option two of the rider, sign the rider and return it to the plaintiff The defendant also sent the Boultons a check in the amount of $27,200 as payment of its obligations under option two of the rider. Although the Boultons never signed and returned the rider, the defendant subsequently sent and the Boultons accepted payments of $1,600 monthly pursuant to option two of the rider.
The Development Agent Agreement provides that any claim concerning a breach of the agreement shall be settled by arbitration in accordance with the Commercial Rules of the American Arbitration Association. On or about July 1, 1998, the plaintiff filed with the American Arbitration Association a written demand for arbitration of its dispute with the defendant. In its initial demand for arbitration, the plaintiff sought a declaratory judgment ordering the defendant to honor the bonus and penalty clause for the duration of the subject contract, an order compelling the defendant to pay delinquent bonus payments under the subject contract, and punitive damages, legal fees and costs under the Connecticut Unfair Trade Practices Act ("CUTPA"), General Statutes §42-110g. On November 2, 1999, the plaintiff amended its demand for arbitration and added a request for a declaratory judgment that Brenda Boulton and Jeffrey Boulton assigned their Development Agent Agreement to the plaintiff, that the defendant consented to and ratified the assignment and that the defendant should be estopped from denying the assignment.
On June 16, 2000, a three-person panel of arbitrators issued its written award. The arbitrators denied the plaintiffs request for a declaratory judgment that the defendant must apply the bonus and penalty clause of the Development Agent Agreement for the duration of the agreement; denied the plaintiffs request for an award of unpaid bonuses, punitive damages and attorney's fees under the Connecticut Unfair Trade Practices Act; and denied the plaintiffs request for a declaratory judgment that Brenda Boulton and Jeffrey Boulton assigned the Development Agent Agreement to the plaintiff and that the defendant consented to and ratified the assignment. The arbitrators ordered "compliance with [the defendant's] agreement to continue paying [the plaintiff] a monthly bonus of one thousand six hundred dollars ($1,600) for the remaining term of [the Development Agent Agreement], but in lieu thereof and by notice to [the defendant], no later than August 15, 2000, [the plaintiff] may elect Option One set forth in [the Bonuses and Penalty Rider]."
On July 12, 2000, the plaintiff filed this action to vacate the arbitration award. On June 14, 2001, the defendant filed an application to confirm the award. CT Page 6739
The plaintiff seeks to vacate the arbitrators' award on the grounds that it is defective pursuant to General Statutes § 52-418 (a)(4) because the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. Specifically, the plaintiff maintains that the award exceeded the scope of the submission and it is inconsistent with awards by arbitrators in similar cases.
The scope of judicial review of an arbitrator's decision depends on whether the submission to the arbitrator was restricted or unrestricted.United States Fidelity Guaranty Co. v. Hutchinson, 244 Conn. 513, 520
(1998).
"In determining whether a submission is unrestricted, we look at the authority of the arbitrator. The authority of the arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of such qualifications, an agreement is unrestricted." (Internal quotation marks omitted.) Perkins Mario, P.C. v. Annunziata, 45 Conn. App. 237,239-40, (1997). See also United States Fidelity Guaranty Co. v.Hutchinson, supra, 244 Conn. 519.
In this case, the Development Agent Agreement provides in paragraph 7c that "any controversy or claim arising out of or relating to this Agreement or the breach thereof shall be settled by arbitration in accordance with the Commercial Rules of the American Arbitration Association, and judgment upon an award rendered by the Arbitrator (s) may be entered in any court having jurisdiction thereof."
The plaintiff submitted a demand for arbitration which listed the nature of the dispute as "breach of contract and unfair trade practices." The plaintiffs demand for arbitration set forth the relief sought as a declaratory judgment ordering the defendant to honor the bonus and penalty clause for the duration of the contract, an order compelling defendant to pay delinquent bonus payments under the contract, and punitive damages, legal fees and costs under the Connecticut Unfair Practices Act.
The Development Agent Agreement does not contain language restricting the issues to be arbitrated, reserving explicit rights, or conditioning an arbitration award on court review. Similarly, the plaintiffs demand for arbitration fails to place restrictions, reservations or conditions on the authority of the arbitrators. As a result, the parties' submission to the arbitrators was unrestricted. CT Page 6740
The scope of a court's review of arbitral decisions concerning an unrestricted submission is exceedingly limited. "`When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission. Hartford v. Board of Mediation Arbitration, 211 Conn. 7,14, 557 A.2d 1236 (1989); New Haven v. AFSCME, Council 15, Local 530,208 Conn. 411, 415-16, 544 A.2d 186 (1988). Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution.Middletown v. Police Local, No. 1361, 187 Conn. 228, 230, 445 A.2d 322
(1982); State v. Connecticut Employees Union Independent, 184 Conn. 578,579, 440 A.2d 229 (1981).' Garrity v. McCaskey, 223 Conn. 1, 4-5,612 A.2d 742 (1992). `Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the construction placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved.' (Internal quotation marks omitted.) Caldor, Inc. v.Thornton, 191 Conn. 336, 340-41, 464 A.2d 785 (1983), aff'd, 472 U.S. 703,105 S.Ct. 2914, 86 L.Ed.2d 557 (1985)." Stratford v. Intl. Assn. ofFirefighters, 248 Conn. 108, 114 (1999).
These well-established principles are tempered by the recognition that a court may vacate an arbitration award on the following grounds: (1) the award rules on the constitutionality of a statute; (2) the award violates clear public policy; or (3) the award contravenes one or more of the statutory proscriptions of General Statutes § 52-418, Id., 116. The plaintiff contends that the award violates General Statutes § 52-418
(a)(4) because the award exceeded the scope of the submission and it is inconsistent with awards by arbitrators in similar cases.
The plaintiff maintains that the award exceeds the submission in this case due to the second sentence of paragraph one of the arbitrators' award. The plaintiff maintains that the order contained in the second sentence of paragraph one vitiates paragraphs one and two of the award.[2] In the first sentence of paragraph one, the arbitrators denied the plaintiffs request for a declaratory judgment that the defendant must apply the bonus and penalty clause for the duration of the Development Agent Agreement. In the second sentence of that paragraph, the arbitrators ordered "compliance with [the defendant's] agreement to continue paying [the plaintiff] a monthly bonus of one thousand six hundred dollars ($1,600) for the remaining term of [the Development Agent Agreement]" but allowed the plaintiff the option to elect, instead of the payments, option one of the Bonuses CT Page 6741 and Penalty Rider which would extend the term of the Development Agent Agreement for two years. In paragraph two of the award, the arbitrators denied the plaintiffs request for unpaid bonuses, punitive damages and attorney's fees under CUTPA. The plaintiff argues that the arbitrators' order enforcing an agreement to pay a monthly bonus of $1,600 is beyond the scope of the submission and voids paragraphs one of the award.[3] The plaintiff asserts that the court cannot parse the two sentences of the paragraph and merely vacate the second sentence of paragraph one.
The defendant argues that the order of the arbitrators enforcing the agreement to pay the plaintiff a monthly bonus of $1,600 does not exceed the scope of the submission. In the alternative, the defendant argues that, should the court find that order to exceed the submission, the proper remedy is for the court to reject that part of the award but confirm the remainder.
Section 52-418 (a)(4) provides that a court shall vacate an arbitration award if it finds that "the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." The rules guiding judicial review of an unrestricted submission are well-established. The court is to compare the award with the submission to see whether, in accordance with the powers conferred upon the arbitrators, their award conforms to the submission. New Haven v. AFSCME, Council 15, Local 530,208 Conn. 411, 415 (1988).[4] See also Hartford v. Board of Mediationand Arbitration, 211 Conn. 7, 14 (1989). "Ordinarily, an award which does not respond to the submission cannot be upheld. It is void to the extent to which it is outside the submission. To that extent the award must be vacated by the Superior Court upon proper application. On the other hand, if part of an award is within the submission and part of it is not, the former may be sustained and the latter rejected if the two can be separated without doing an injustice." (Citations omitted.) Local 63Textile Workers Union v. Cheney Bros., 141 Conn. 606, 613-614 (1954).
The issues presented in this case are whether the arbitrators' order enforcing an agreement to pay a monthly bonus of $1,600 is outside the submission and, if so, whether it can be separated from the remainder of the award without doing an injustice. The plaintiffs demand for arbitration framed the issues to be determined by the arbitrators. The demand referred specifically to the Development Agent Agreement dated October 1, 1985 and described the nature of the dispute as being "breach of contract and unfair trade practices." The demand asked the arbitrators for a declaratory judgment ordering the defendant to honor the bonus and penalty clause for the duration of the subject contract, an order compelling the defendant to pay delinquent bonus payments under the CT Page 6742 subject contract, and punitive damages, legal fees and costs under the Connecticut Unfair Trade Practices Act, General Statutes § 42-110g.
The entire thrust of the submission concerned the defendant's obligations under the Development Agent Agreement. The issues submitted for determination were whether the defendant was obligated to pay bonuses for the entire term of the contract and, if so, whether its failure to do so violated CUTPA. The parties did not include in the submission a request for the arbitrators to determine whether the parties were bound by the subsequent Bonuses and Penalty Rider offered by the defendant or by any similar agreement. The arbitrators' order enforcing a subsequent agreement outside the four corners of the Development Agent Agreement was beyond the scope of the submission.
This court's ruling that the arbitrators' order requiring compliance with the agreement to pay a monthly bonus of $1,600 lies beyond the submission does not end the inquiry. The issue that must now be addressed is whether the invalid portion of the award is severable from the award's indisputably valid aspects. Local 63, Textile Workers Union v. CheneyBros., supra, 141 Conn. 613-614.
There is not and cannot be any dispute that the determinations of the arbitrators that the bonus and penalty clause of the contract did not extend for the entire term of the contract and that the plaintiff was not due any unpaid bonuses pursuant to that contract were within the parties' submission.[5] The arbitrators' decision to enforce the subsequent settlement agreement embodied in the Bonuses and Penalty Rider is not inextricably bound to their decisions interpreting the provisions of the Development Agent Agreement. These decisions can be readily separated without doing an injustice to the parties. Therefore, the plaintiffs request that this court vacate, in its entirety, paragraph one of the arbitrators' award is denied because the arbitrators' denial of the plaintiffs request for a declaratory judgment concerning the payment of bonuses under the Development Agent Agreement was within the submission and severable from the arbitrators' order compelling payment of $1,600 monthly pursuant to a subsequent agreement by the defendant.
Notwithstanding the fact that the arbitrators' order compelling payment was outside the parties' submission, it may not be vacated by the court because neither party has properly requested that the court do so.
The plaintiff has filed an application to vacate the arbitrators' award pursuant to General Statutes § 52-418 and the defendant has filed an application to confirm the award pursuant to General Statutes § 52-417. Neither party has filed an application to modify or correct the award pursuant to General Statutes § 52-419.[6] The provisions of § CT Page 674352-419 authorize the court to strike out that portion of an award which is not responsive to a submission but which is severable from the germane segment of the award. Waterbury Const. Co. v. Board of Education,189 Conn. 560, 564 (1983). The court's sole authority to reject a portion of an arbitrator's award which exceeds a submission is through §52-419. Local 1078 v. Anaconda American Brass Co., 149 Conn. 687, 690-691
(1962). Neither party has made an application to modify or correct the arbitrators' award and it is too late to do so now. See General Statutes § 52-420 (b).[7]
The plaintiff also asserts that the arbitrators' award in this case should be vacated because it conflicts with awards made by arbitrators in similar cases. This claim lacks merit. The plaintiff can point to no provision in the Development Agent Agreement that required the arbitrators to give preclusive effect to prior arbitral decisions.[8] The law in this state is clear that in the absence of such a contractual provision an arbitrator is not constrained by prior arbitral decisions. Stratfordv. Intl. Assn. of Firefighters, 248 Conn. 108, 125 (1999). "[W]e hold that, in the absence of a specific contract provision to the contrary, an arbitrator is not bound to follow prior arbitration decisions, even in cases in which the grievances at issue involve the same parties and interpretation of the same contract provisions. Although an arbitrator may find well-reasoned prior awards to be a compelling influence on his or her decision-making process, the arbitrator need not give such awards preclusive effect. Rather, the arbitrator should bring his or her own independent judgment to bear on the issue to be decided, using prior awards as the arbitrator sees fit, as it is the arbitrator's judgment for which the parties had bargained." Id.
For the aforementioned reasons, the plaintiffs application to vacate the arbitration award is hereby denied and the defendant's application to confirm the award is hereby granted.
BY THE COURT
 ___________________ Judge Jon M. Alander