[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a companion to Metropolitan District Commission v. Local 184,Council 4, AFSCME, No. CV00 0803264, Judicial District of Hartford, also decided this day. The same authority and reasoning applies in this case, and need not be repeated here. In that case, I decided that although strong public policies of the state were implicated, they were recognized by the arbitrators and reinstatement, in the circumstances, did not necessarily conflict with the public policy.[1]
I have also taken judicial notice of a third case in the trilogy,Metropolitan District Commission v. Local 184. Council 4, AFSCME, No. CV00 0597855, Judicial District of Hartford, which was decided by Judge Berger on July 9, 2001, and is, according to the attorneys in this case, soon to be argued before the Appellate Court. That case involved the disciplinary action imposed on one William Rodriguez, who was the driver in question who dumped the material in contravention of the rules, and admitted being involved in previous episodes. Judge Berger found that reinstatement in this circumstance[2] violated public policy.
Because of Rodriguez's greater involvement, the likelihood of some personal benefit to the violation of public policy and the prior "episodes," I do not disagree with Judge Berger's determination that in the circumstances Rodriguez's reinstatement would violate the state's policies regarding solid waste management and embezzlement. But the remaining issue is whether every employees' violation of any public policy necessarily requires the conclusion that that employee's reinstatement would violate public policy. I have held in today's companion case that some examination of the circumstances is required.
The instant case concerns the role of Sebastian Stevens. According to the facts reported by the arbitrators, Stevens was on duty on the Sunday in question. He talked with the driver of the truck and moved some of the dumped material. He did not report the incident, and was evasive in testimony. There was some dispute as to whether the MDC had clearly CT Page 1690 articulated and consistently enforced its policy regarding dumping: the arbitrators seemed to believe that the policy had been at least adequately articulated. Mr. Stevens' attitude was reportedly recalcitrant. The arbitrators concluded that discipline was warranted because Stevens exercised poor judgment and "very loose work habits," but that "termination was too severe without any warning that MDC will not condone such behavior for long-standing employee (sic) with no prior discipline." The arbitrators concluded that suspension without pay for a period of one hundred days was appropriate. The MDC has moved to vacate the award on the ground that any discipline other than termination is inconsistent with the public policy of the state.
It may be well to bear in mind the rubric regarding the public policy exception, with its emphasis on the narrow nature of the exception:
 "[T]he public policy exception to arbitral authority should be narrowly construed and a court's refusal to enforce an arbitrator's interpretation of [collective bargaining agreements] is limited to situations where the contract as interpreted would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." (Internal quotation marks omitted.) Watertown Police Union Local 541 v. Watertown, 210 Conn. 333, 340, 555 A.2d 406 (1989). "[W]ith respect to matters of public policy generally, arbitrators exceed their authority if their award orders a party to engage in conduct that is patently illegal or in clear violation of public policy. Stratford v. Local 134, IFPTE, [201 Conn. 577, 585, 519 A.2d 1 (1986)]; Board of Trustees v. Federation of Technical College Teachers, 179 Conn. 184, 195, 425 A.2d 1247 (1979); Gorman, Basic Text on Labor Law, Unionization and Collective Bargaining (1976) p. 593." New Haven v. AFSCME, Council 15, Local 530, 208 Conn. 411, 416-17, 544 A.2d 186 (1988).
 "A public policy challenge to an arbitration award is rooted in the principle that the parties cannot expect conduct which is illegal or contrary to public policy to receive judicial endorsement any more than parties can expect a court to enforce such a contract between them." (Internal quotation marks omitted.) State v. Council 4, AFSCME, 27 Conn. App. 635, 640, 608 A.2d 718 (1992). "When a challenge to the arbitrators' authority is made on public policy grounds, the court is not concerned with the correctness of the arbitrators' decision, but with the lawfulness of enforcing the award." Perkins Mario, P.C. v. Annunziata, supra, 45 Conn. App. 240.
City of Hartford v. International A., Firefighters, 49 Conn. App. 805, CT Page 1691 812-13 (1998).
It is clear that enforcement of the arbitration award would not be illegal, in that it is not, so far as I am aware, explicitly contrary to statutory authority to reinstate an employee who has engaged in the conduct found by the arbitrators to have occurred. Is it, then, contrary to the well-defined public policy, as expressed in several appellate and trial court decisions, against reinstating employees who have embezzled or otherwise directly harmed their employers, to reinstate Stevens in the circumstances presented here?
The question is a close one indeed. According to the facts found by the arbitrators, Stevens, apparently unlike Watkins, abetted Rodriguez's violations. The factual finding does not specifically mention embezzlement, but seems to rest on the premise that the violation of rules, combined with Stevens' attitude, mandated the imposition of the not insignificant sanction of 100 days' suspension without pay. I do not think, on de novo review, that the circumstances presented by the factual findings of the arbitrators are such that enforcement would irretrievably violate the public policies at stake: that an employer ought not have to continue to employ one who has taken from him and that such behavior cannot be condoned in any event. Given the narrow scope of the public policy exception, the hedged factual position of the arbitrators, and the significant discipline which was imposed,[3] I do not conclude that enforcement of the award is unlawful or repugnant to public policy. The application to vacate the award is denied.
Beach, J.