## CHRISTINE LATHURAS *v.* SHORELINE DENTAL CARE, LLC, ET AL.
## (AC 21025)

Landau, Mihalakos and Shea, Js.

Argued May 30—officially released September 11, 2001

*William F. Gallagher*, with whom, on the brief, were *Hugh D. Hughes* and *Vincent N. Amendola, Jr.*, for the appellants (defendants).

*Scott S. Centrella*, with whom, on the brief, was *James P. Blanchfield*, for the appellee (plaintiff).

LANDAU, J. The defendants, Shoreline Dental Care, LLC (Shoreline), and Joseph Tartagni, appeal from the judgment of the trial court denying the defendants' application to vacate an arbitration award rendered in favor of the plaintiff, Christine Lathuras, and granting the plaintiff's motion to confirm the award. On appeal, the defendants claim that the court improperly failed to conclude that (1) the arbitrator's award of double damages and attorney's fees pursuant to General Statutes § 31-72[1] was in manifest disregard of the law and (2) the arbitrator manifestly disregarded the law of contracts by failing to consider the plaintiff's alleged failure to mitigate damages. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. The defendants employed the plaintiff as a dentist pursuant to a written employment agreement (agreement) that the parties executed on November 3, 1997. The agreement set forth the terms and conditions of the plaintiff's employment with Shoreline and was, by its own terms, effective as of June 2, 1997.

Tartagni terminated the plaintiff's employment effective November 4, 1998. On January 5, 1999, the plaintiff commenced an action against the defendants, alleging breach of contract and wrongful withholding of wages,

---

[1] General Statutes § 31-72 provides in relevant part: "When any employer fails to pay an employee wages in accordance with the provisions of sections 31-71a to 31-71i, inclusive . . . such employee . . . may recover, in a civil action, twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court . . . ."

in this case, contractual notice pay,[2] in violation of General Statutes §§ 31-71a to 31-71i. On June 21, 1999, the court granted the defendants' motion to stay the proceedings pending arbitration. The defendants subsequently submitted a voluntary and unrestricted demand for arbitration pursuant to the terms of the agreement.[3] On May 12, 2000, the arbitrator issued her award. The arbitrator found that (1) the plaintiff was entitled to her lost earnings for the ninety day notice period, (2) Shoreline had unreasonably failed to compensate her for those earnings in violation of § 31-72 and (3) as a result of Shoreline's failure to compensate the plaintiff for those earnings, the plaintiff was entitled to double damages and attorney's fees. Accordingly, the arbitrator awarded the plaintiff $46,656.57 in damages and $20,000 in attorney's fees, for a total award of $66,656.57.

The defendants filed an application to vacate the award, and the plaintiff filed a motion to confirm the award. The trial court concluded that the issues raised by the defendants, and claimed to be error, were within the bounds of the parties' submission and were not evidence of the arbitrator's allegedly manifest disregard of the law. Accordingly, the court denied the defendants' application to vacate the award and granted the plaintiff's motion to confirm the award. This appeal followed. Additional facts will be addressed as needed.

"The scope of review by the court of an arbitrator's power to make an award is limited. Arbitration is a

[2] Paragraph 3.2 of the parties' employment agreement states: "After the expiration of twelve (12) months from the Effective Date, either party may terminate this Agreement without cause by notifying the other party in writing ninety (90) days before the effective date of termination."

[3] Paragraph ten of the parties' employment agreement states in relevant part: "Any controversy between the parties involving the construction or application of any of the terms, provisions or conditions of this Agreement, shall on the written request of either party served on the other, be submitted to binding arbitration before a neutral third party under the auspices of the American Arbitration Association in New Haven County, Connecticut. . . ."

creature of contract between the parties and its autonomy requires a minimum of judicial intrusion. . . . The parties themselves, by the agreement of the submission, define the powers of the arbitrator. . . . The submission constitutes the charter of the entire arbitration proceedings and defines and limits the issues to be decided. . . . When the parties have agreed to a procedure and have delineated the authority of the arbitrator, they must be bound by those limits. . . . An application to vacate or correct an award should be granted where an arbitrator has exceeded his power. In deciding whether an arbitrator has exceeded his power, we need only examine the submission and the award to determine whether the award conforms to the submission. . . .

"In determining whether a submission is unrestricted, we look at the authority of the arbitrator. The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of such qualifications, an agreement is unrestricted. . . .

"Even in the case of an unrestricted submission, we have, however, recognized three grounds for vacating an award: (1) the award rules on the constitutionality of a statute . . . (2) the award violates clear public policy . . . or (3) the award contravenes one or more of the statutory proscriptions of [General Statutes] § 52-418."[4] (Citations omitted; internal quotation marks omitted.) *Hartford* v. *International Assn. of Firefighters,*

---

[4] General Statutes § 52-418 (a) provides in relevant part: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides . . . shall make an order vacating the award if it finds any of the following defects . . . (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter was not made."

*Local 760*, 49 Conn. App. 805, 811–12, 717 A.2d 258, cert. denied, 247 Conn. 920, 722 A.2d 809 (1998).

Our courts have held that claims of manifest disregard of the law fall within the statutory proscription of § 52-418 (a) (4). "[A]n award that manifests an egregious or patently irrational application of the law is an award that should be set aside pursuant to § 52-418 (a) (4) because the arbitrator has exceeded [his] powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. . . . [T]he manifest disregard of the law ground for vacating an arbitration award is narrow and should be reserved for circumstances of an arbitrator's extraordinary lack of fidelity to established legal principles." (Internal quotation marks omitted.) *Garrity* v. *McCaskey*, 223 Conn. 1, 10, 612 A.2d 742 (1992).

Our Supreme Court has adopted the test established by the United States Court of Appeals for the Second Circuit in interpreting the federal equivalent of § 52-418 (a) (4). *Saturn Construction Co.* v. *Premier Roofing Co.*, 238 Conn. 293, 305, 680 A.2d 1274 (1996), citing *Garrity* v. *McCaskey*, supra, 223 Conn. 8; *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Bobker*, 808 F.2d 930, 933–34 (2d Cir. 1986). "The test consists of the following three elements, all of which must be satisfied in order for a court to vacate an arbitration award on the ground that the [arbitrator] manifestly disregarded the law: (1) the error was obvious and capable of being readily and instantly perceived by the average person qualified to serve as an arbitrator; (2) the [arbitrator] appreciated the existence of a clearly governing legal principle but decided to ignore it; and (3) the governing law alleged to have been ignored by the [arbitrator] is well defined, explicit, and clearly applicable." *Saturn Construction Co.* v. *Premier Roofing Co.*, supra, 305.

I

The defendants' first claim is that the court improperly failed to conclude that the arbitrator's award of double damages and attorney's fees pursuant to § 31-72 was in manifest disregard of the law. See General Statutes § 52-418 (a) (4). We disagree.

Section 31-72 authorizes the award of double damages and attorney's fees under circumstances where an employer has failed to pay an employee wages. In support of their position, the defendants cite several cases that narrow the definition of "wages" under the statute to payment for services rendered once these payments have accrued, and proscribe the statute's applicability for the mere loss of wages. None of the cases relied upon by the defendants, however, specifically address the applicability of § 31-72 to contractual notice pay.

" '[Courts] are not at liberty to set aside an [arbitrator's] award because of an arguable difference regarding the meaning or applicability of laws urged upon it.' " *Garrity* v. *McCaskey,* supra, 223 Conn. 9, quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Bobker,* supra, 808 F.2d 934. Even if an arbitrator misapplies the relevant law, "such a misconstruction of the law [does] not demonstrate the [arbitrator's] egregious or patently irrational rejection of clearly controlling legal principles." *Garrity* v. *McCaskey,* supra, 11–12. We cannot say that the issue before the arbitrator was so well defined and explicit as to command only one logical conclusion, or that the interpretation adopted by the arbitrator was so egregious as to border on the irrational.

Moreover, "[i]n reviewing arbitrators' decisions, manifest disregard of the law may be found only where the arbitrators understood and correctly stated the law but proceeded to ignore it." (Internal quotation marks omit-

ted.) *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Bobker*, supra, 808 F.2d 937 (Meskill, J., concurring). Thus, even if we were to conclude that the relevant provisions of § 31-72 are well defined, explicit and clearly applicable, we could not conclude that the arbitrator appreciated, but ignored them. To prevail on its application to vacate an arbitration award pursuant to § 52-418 (a) (4), a party must show that the arbitrator knew that her award was contrary to the law. *Saturn Construction Co.* v. *Premier Roofing Co.*, supra, 238 Conn. 305.

In the case before us, the trial court concluded that the defendants had not demonstrated anything more than a disagreement with the arbitrator's interpretation and application of established legal principles. Thus, the trial court's confirmation of the arbitration award was proper.

## II

The defendants next claim that the court improperly concluded that the arbitrator had not manifestly disregarded the law by failing to reduce the plaintiff's award in consideration of the plaintiff's failure to mitigate damages. We are unpersuaded.

As previously discussed, in analyzing a claim that an arbitration award is in manifest disregard of the law, we are guided by the factors set forth in *Garrity*. The moving party must show not only that the arbitrator appreciated the existence of a well defined, explicit and clearly applicable legal principle, but also that she deliberately ignored the governing law. *Garrity* v. *McCaskey*, supra, 223 Conn. 9. To issue an award with manifest disregard of the law, the arbitrator must have (1) known that the law required the plaintiff to mitigate damages and (2) ignored relevant evidence to that effect. See *Saturn Construction Co.* v. *Premier Roofing*

*Co.,* supra, 238 Conn. 308; *Garrity* v. *McCaskey,* supra, 11–12.

The only basis for the defendants' assertion that the arbitrator failed to consider mitigation of damages is the absence of any explicit discussion of the doctrine in the award. The defendants contend that the arbitrator's failure to discuss the mitigation claim is evidence of her failure to consider that claim. Yet, the arbitration award states that all claims not specifically addressed in the award had been considered and rejected.[5]

Whether the arbitrator correctly applied the law with respect to mitigation of damages, however, is irrelevant for purposes of our review. "When the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission." (Internal quotation marks omitted.) *Saturn Construction Co.* v. *Premier Roofing Co.,* supra, 238 Conn. 304. The defendants' arguments have not established anything beyond the fact that the arbitrator may have misapplied the law. Mere error of law does not rise to the level of " 'manifest disregard.' " *Garrity* v. *McCaskey,* supra, 223 Conn. 9. The trial court, therefore, properly denied the defendants' application to vacate the award and properly granted the plaintiff's motion to confirm the award.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] We note that, because the parties agreed to a short form award without a transcript, it is unclear what evidence, if any, was presented to the arbitrator with respect to mitigation of damages.