******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## APPENDIX
## VERMONT AEROSPACE INDUSTRIES, LLC
## *v.* LAWRENCE W. SCHWOERI*

Superior Court, Judicial District of Bridgeport
File No. CV-24-6131230-S

Memorandum filed September 26, 2024

*Proceedings*

Memorandum of decision on plaintiff's application to vacate, correct and/or modify arbitration award and on defendant's motion for order confirming arbitration award. *Application to vacate, correct and/or modify arbitration award denied; motion for order confirming arbitration award granted.*

*Jay Levin*, with whom was *James Philopena*, for the plaintiff.

*John Cesaroni*, for the defendant.

*Opinion*

HON. BARRY K. STEVENS, judge trial referee.

### STATEMENT OF THE CASE

This present action was instituted on February [23], 2024, by the plaintiff, Vermont Aerospace Industries, LLC (VAI), against the defendant, Lawrence W. Schwoeri (Schwoeri), seeking to vacate, correct or modify an arbitration award. On March 7, 2024, in response to the application, Schwoeri filed a motion for an order confirming the award. On April 5, 2024, VAI filed a memorandum in support of its application to vacate, correct, or modify the arbitration award. On

---

* Affirmed. *Vermont Aerospace Industries, LLC* v. *Schwoeri*, 235 Conn. App. 576,    A.3d    (2025).

May 3, 2024, Schwoeri filed a memorandum in opposition to VAI's application. The court heard oral argument on the matter on June 4, 2024.

The filings of the parties provide the following relevant information. VAI is a limited liability company organized and existing under the laws of the state of Wyoming. Schwoeri resides in Florida and formerly served as the chief executive officer (CEO) of VAI. On June 1[5], 2016, Schwoeri signed an Executive Term Sheet (term sheet) as the CEO of VAI, which summarized the terms of his employment. Section 3.2 of the operating agreement between the parties provides that Schwoeri may sell or put his interest in the company (the put right) or, alternatively, that VAI may purchase Schwoeri's interest in the company in certain circumstances. On or about June 14, 2021, Schwoeri attempted to exercise his put option for VAI. However, Leonard M. Levie, the chairman of VAI, refused to honor the put right. In February, 2022, Levie terminated Schwoeri's employment.

On January 30, 2023, Schwoeri commenced arbitration with the American Arbitration Association (AAA), entitled *Lawrence W. Schwoeri* v. *Vermont Aerospace Industries, LLC and Leonard M. Levie*, Docket No. 01-23-0000-3897. Schwoeri asserted four claims against VAI and Levie: (1) breach of contract: refusal to pay put option; (2) breach of contract: failure to pay taxes; (3) breach of fiduciary duties (asserted against Levie); and (4) unjust enrichment. On April 25, 2023, VAI filed [its] answer and asserted three counterclaims against Schwoeri: (1) breach of fiduciary duties; (2) constructive fraud; and (3) corporate waste. Abigail Pessen was designated as the arbitrator. The arbitrator received extensive witness testimony, including expert witness testimony, and over 200 exhibits into evidence. Thereafter, both parties submitted postarbitration briefs. The AAA hearing was declared closed as of December 8,

2023, but the parties mutually agreed to January 12, 2024, as the deadline for the issuance of a final award. On January 9, 2024, the arbitrator issued the final award.

In the final award, the arbitrator found that Schwoeri was entitled to the sum of $2,829,794, the credible valuation of the put right. The arbitrator further found that Schwoeri did not commit any fraud, misconduct, or violate the term sheet based on a breach of his fiduciary duties, explaining that the operating agreement did not impose a fiduciary duty on LLC managers. Because the operating agreement did not include a clause indicating that a breach of fiduciary duty was a ground to disallow executing the put right, breaching his fiduciary duty was not a valid ground to bar Schwoeri from executing his put option. Next, the arbitrator found that Schwoeri was entitled to the income tax distributions for the years of 2021 and 2022 and that VAI would pay his tax distribution for 2023 if they did not remove him as a shareholder per the language of the operating agreement. Finally, the arbitrator dismissed Schwoeri's third claim of breach of fiduciary duties against Levie and fourth claim of unjust enrichment.

Regarding VAI's counterclaims, the arbitrator found that, as to Schwoeri's breach of fiduciary duty, that Schwoeri was not candid or transparent in his dealings with the company and his manager for all post-June 5, 2020 monetary transfers. The arbitrator specified that Schwoeri was insubordinate and breached the fiduciary duty owed to VAI as the manager of the LLC and as VAI's employee. As a result of this conduct, the arbitrator awarded to VAI as a setoff the amount of $297,916.66.

## DISCUSSION

### I

"The standard of review for arbitration disputes is well settled. Judicial review of arbitral decisions is narrowly confined. . . . When the parties agree to arbitra-

tion and establish the authority of the arbitrator through the terms of their submission, the extent of our judicial review of the award is delineated by the scope of the parties' agreement. . . . Because we favor arbitration as a means of settling private disputes, we undertake judicial review of arbitration awards in a manner designed to minimize interference with an efficient and economical system of alternative dispute resolution." (Internal quotation marks omitted.) *Girolametti* v. *Rizzo Corp.*, 152 Conn. App. 60, 63–64, 97 A.3d 55 (2014); see also *Zelvin* v. *JEM Builders, Inc.*, 106 Conn. App. 401, 406, 942 A.2d 455 (2008).

General Statutes § 52-417 provides that "[a]t any time within one year after an award has been rendered and the parties to the arbitration notified thereof, any party to the arbitration may make application to the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, to any judge thereof, for an order confirming the award. The court or judge shall grant such an order confirming the award unless the award is vacated, modified or corrected as prescribed in sections 52-418 and 52-419."

The standard of review that guides the analysis of arbitration awards is well established. "Our review is limited to a comparison of the award to the submission. Our inquiry generally is limited to a determination as to whether the parties have vested the arbitrators with the authority to decide the issue presented or to award the relief conferred. With respect to the latter, we have explained that, as long as the arbitrator's remedies were consistent with the agreement they were within the scope of the submission." (Footnotes omitted; internal quotation marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, 275 Conn. 72, 85–86, 881 A.2d 139 (2005).

In VAI's application to vacate, correct, or modify the final arbitration award and in [its] supporting memorandum, VAI argues that, although the arbitrator found that Schwoeri breached [his] fiduciary duty as an employee and CEO of VAI, the arbitrator failed to determine whether that breach of fiduciary duty amounted to a violation of the term sheet and, consequently, the operating agreement between the two parties. Further, VAI argues that the arbitrator ignored the language of the operating agreement regarding Schwoeri's put right and failed to determine whether Schwoeri's conduct, which violated his fiduciary duties, also violated the covenant of good faith and fair dealing. Finally, VAI argues that the arbitrator's award amounts to a manifest disregard of the law and a violation of public policy.

In opposition, Schwoeri argues that VAI's positions merely reflect disagreement with the arbitrator's decision, which was well within the scope of the unrestricted submission provided under the parties' arbitration agreement. Schwoeri maintains that there is no evidence to support VAI's argument that the arbitrator ignored the language of the operating agreement when issuing the final award. Schwoeri further argues that the arbitrator, when deciding the final award, did not manifestly disregard the law simply because she misinterpreted a contractual provision or violate public policy.[1]

## II

## UNRESTRICTED SUBMISSION

As an initial matter, the court finds that the parties' submission to arbitration was unrestricted. See generally *Girolametti* v. *Rizzo Corp.*, supra, 152 Conn. App.

---

[1] In [his] memorandum in opposition to the application to vacate the award, the defendant filed an affidavit summarizing the facts of the arbitration. VAI moves to strike the affidavit on the ground that it alleges new facts and evidence. Although the affidavit does not appear to present anything new, the court, treating the motion to strike as an objection, sustains the objection on the ground that this affidavit is unnecessary and superflu-

63 ("[w]hen the scope of the submission is unrestricted, the resulting award is not subject to de novo review even for errors of law so long as the award conforms to the submission"). "The authority of an arbitrator to adjudicate the controversy is limited only if the agreement contains express language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review. In the absence of any such qualifications, an agreement is unrestricted." (Internal quotation marks omitted.) *LaFrance* v. *Lodmell*, 322 Conn. 828, 850–51, 144 A.3d 373 (2016).

"Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that . . . the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor, where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved. . . . In other words, [u]nder an unrestricted submission, the arbitrators' decision is considered final and binding; thus the courts will not review the evidence considered by the arbitrators nor will they review the award for errors of law or fact." *Harty* v. *Cantor Fitzgerald & Co.*, supra, 275 Conn. 80.

Section 12.4 of the VAI operating agreement states: "Arbitration. Each party hereto, for itself and its successors and assigns, irrevocably agrees that any dispute, claim or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in accordance with the then prevailing American Arbitration

ous. The court is bound to review the findings made by the arbitrator, making the affidavit unnecessary. See *Reyes* v. *Allstate Ins. Co.*, Superior Court, Docket No. CV-95-0377725-S (March 18, 1996) (holding that court would not consider evidence not previously considered by umpire).

Association ("AAA") Rules and Procedures (except as modified herein). Failing timely agreement, the arbitrators shall be selected by AAA. The place of arbitration shall be Fairfield County, Connecticut. This clause shall not preclude [the] parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction." (Defendant's Memorandum in Opposition; Entry at Docket No. 107.00, Ex. 3, p. 20).

This language of the arbitration clause of the operating agreement indicates an unrestricted arbitration submission because there is nothing indicating any limitations on the breadth of issues subject to arbitration or anything reserving any explicit rights. The Appellate Court has held that an arbitration clause that provided "[a]ny controversy or claim arising out of, or relating to this agreement, or the breach thereof, shall be settled by arbitration . . ." is unrestricted because it "contained no language restricting the breadth of issues, reserving explicit rights, or conditioning the award on court review." (Internal quotation marks omitted.) *Exley* v. *Connecticut Yankee Greyhound Racing, Inc.*, 59 Conn. App. 224, 227 n.3, 230, 755 A.2d 990, cert. denied, 254 Conn. 939, 761 A.2d 760 (2000).

In summary, because the submission of the parties' dispute to arbitration was unrestricted, the court may not review the award for errors of fact and law, but may reverse the award if the arbitrator manifestly disregarded the law or if the award violates public policy.

## III

### MANIFEST DISREGARD OF THE LAW

"Judicial inquiry under the manifest disregard standard is . . . extremely limited. The governing law alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable. [The court is] not at liberty to set aside an arbitration panel's

award because of an arguable difference regarding the meaning or applicability of laws urged upon it." (Internal quotation marks omitted.) *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Bobker*, 808 F.2d 930, 934 (2d Cir. 1986); see also *Nxegen, LLC* v. *Carbone*, 155 Conn. App. 264, 270–71, 109 A.3d 534, cert. denied, 316 Conn. 906, 111 A.3d 882 (2015).

"A litigant seeking to vacate an arbitration award based on alleged manifest disregard of the law bears a heavy burden, as awards are vacated on grounds of manifest disregard only in those exceedingly rare instances where some egregious impropriety on the part of the arbitrator is apparent." (Internal quotation marks omitted.) *Smarter Tools, Inc.* v. *Chongqing SENCI Import & Export Trade Co., Ltd.*, 57 F.4th 372, 383 (2d Cir. 2023). "[A] claim that the arbitrators have exceeded their powers may be established under [General Statutes] § 52-418 in either one of two ways: (1) the award fails to conform to the submission, or, in other words, falls outside the scope of the submission;[2] or (2) the arbitrators manifestly disregarded the law." (Footnote added; internal quotation marks omitted.) *Harty* v. *Cantor Fitzgerald & Co.*, supra, 275 Conn. 85.[3]

[2] "Section 52-418 (a) (4) provides that an award shall be vacated if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. In our construction of § 52-418 (a) (4), we have, as a general matter, looked to a comparison of the award with the submission to determine whether the arbitrators have exceeded their powers." (Internal quotation marks omitted.) *Garrity* v. *McCaskey*, 223 Conn. 1, 7, 612 A.2d 742 (1992); see also *New Haven* v. *AFSCME, Council 15, Local 530*, 208 Conn. 411, 415, 544 A.2d 186 (1988).

[3] General Statutes § 52-418 (a) provides: "Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to postpone the hearing upon sufficient

"Manifest disregard can be established only where a governing legal principle is well defined, explicit, and clearly applicable to the case, and where the arbitrator ignored it after it was brought to the arbitrator's attention in a way that assures that the arbitrator knew its controlling nature." (Internal quotation marks omitted.) *Goldman* v. *Architectural Iron Co.*, 306 F.3d 1214, 1216 (2d Cir. 2002); see also *New York Telephone Co.* v. *Communications Workers of America Local 1100, AFL-CIO District One*, 256 F.3d 89, 91 (2d Cir. 2001) ("[t]o modify or vacate an award on [manifest disregard], a court must find both that (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case" (internal quotation marks omitted)); *Siegel* v. *Titan Industrial Corp.*, 779 F.2d 891, 892–93 (2d Cir. 1985) ("[t]he erroneous application of rules of law is not a ground for vacating an arbitrator's award . . . nor is the fact that an arbitrator erroneously decided the facts" (citation omitted)).

"In determining whether an arbitrator has exceeded the authority granted under the contract, a court cannot base the decision on whether the court would have ordered the same relief, or whether or not the arbitrator correctly interpreted the contract. . . . [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of authority, the award must be enforced." (Internal quotation marks omitted.) *Comprehensive Orthopaedics & Musculoskeletal Care, LLC* v. *Axtmayer*, 293 Conn. 748, 755, 980 A.2d 297 (2009).

cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

"[A] necessary predicate to a claim that the arbitrators manifestly disregarded the law is that the arbitrators generally were vested with the authority to decide the issue or to grant the relief but ignored clearly applicable law in making that determination." *Harty* v. *Cantor Fitzgerald & Co.*, supra, 275 Conn. 88. Further, "a party must show that the arbitrator knew that her award was contrary to the law." *Lathuras* v. *Shoreline Dental Care, LLC*, 65 Conn. App. 509, 515, 783 A.2d 83, cert. denied, 258 Conn. 936, 785 A.2d 231 (2001). Therefore, "[i]n reviewing arbitrators' decisions, manifest disregard of the law may be found only where the arbitrators understood and correctly stated the law but proceeded to ignore it." (Internal quotation marks omitted.) Id., 514; see also *Merrill Lynch, Pierce, Fenner & Smith, Inc.* v. *Bobker*, supra, 808 F.2d 936–37.

VAI argues that the arbitrator manifestly disregarded the law when she failed to determine whether Schwoeri's insubordination, lack of candor and transparency, and breach of fiduciary duty amounted to a breach of the term sheet, and thus amounted to an automatic termination of Schwoeri's put right. More specifically, VAI contends that the arbitrator committed an obvious error when she "fail[ed] to even analyze whether Schwoeri's conduct, which she admitted breached his fiduciary duty as an employee and CEO of VAI, was a breach of the term sheet." (Plaintiff's Memorandum in Support; Entry at Docket No. 106.00, p. 12). According to VAI, this failure to analyze and decide this issue is made more egregious because VAI specifically raised the issue, and because the arbitrator allegedly exceeded her power by consciously disregarding issues plainly before her, amounting to a failure to apply basic contractual principles of the operating agreement the parties signed and a manifest disregard of the law.

On this issue, the arbitrator states that "in my view breach of fiduciary duty does not constitute breach of

the [o]perating [a]greement. In sum, none of the grounds for forfeiture of the [p]ut set forth in § 3.2, are applicable here to bar Schwoeri from executing his [p]ut [right]. The [o]perating [a]greement could have included 'breach of fiduciary duty' as a grounds for disallowing the [p]ut [right]. It did not do so. Similarly, the VAI [t]erm [s]heet could have included 'breach of fiduciary duty' as [grounds] for termination for cause . . . . It did not do so. In the face of these contractual silences, Schwoeri's breach of fiduciary duty does not bar his [p]ut [right]. Accordingly, Schwoeri is entitled to the sum of $2,829,794." (Defendant's Memorandum; Entry at Docket No. 107.00; Ex. 6, pp. 12-13).

On the basis of the arbitrator's finding, Schwoeri insists that "VAI's complaint is not that the arbitrator failed to address the claims submitted to her but that she resolved them incorrectly . . . by misconstruing and/or ignoring the parties' agreements. . . . Such a claimed error cannot be the basis to vacate an arbitration award for failing to conform to the submission." (Citation omitted.) (Defendant's Opposition; Entry at Docket No. 107.00, p. 9). The court agrees with Schwoeri.

There is no evidence that the arbitrator ignored whether Schwoeri's conduct, which was found to be a breach of his fiduciary duty as employee and CEO of VAI, was also a breach of the term sheet. On the contrary, based on the arbitrator's final award, the arbitrator accounts for Schwoeri's breach of fiduciary duty in her decision. Consequently, the arbitrator did not display a manifest disregard for the law when she submitted the final award, and VAI's claim must be denied. "Where the submission does not otherwise state, the arbitrators are empowered to decide factual and legal questions and an award cannot be vacated on the grounds that the [construction] placed upon the facts or the interpretation of the agreement by the arbitrators was erroneous. Courts will not review the evidence nor,

where the submission is unrestricted, will they review the arbitrators' decision of the legal questions involved." (Internal quotation marks omitted.) *Bic Pen Corp.* v. *Local 134*, 183 Conn. 579, 584, 440 A.2d 774 (1981). "The arbitrator is only required to render an award in conformity to the submission and an award need not contain an explanation of the means by which he reached the award." Id., 585.[4]

## IV

## VIOLATION OF PUBLIC POLICY

The Supreme Court has recognized that one ground for vacating an arbitration award is when the award violates public policy. See *Garrity* v. *McCaskey*, supra, 223 Conn. 6. "[T]he public policy exception to arbitral authority should be narrowly construed . . . ." (Internal quotation marks omitted.) *State* v. *AFSCME, Council 4, Local 387, AFL-CIO*, 252 Conn. 467, 475, 747 A.2d 480 (2000). "When a party raises the issue of a public policy violation with regard to an arbitral award, a two step process is required." *Sandhu* v. *Haverson Construction Management, LLC*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-09-4016359-S (September 7, 2010). "First, the court determines whether an explicit, well-defined and dominant public policy can be identified. If so, the court then [determines] if the arbitrator's award violated the public policy." (Internal quotation marks omitted.) *State* v.

---

[4] For similar reasons, the plaintiff's alternative request for a modification of the award must also be denied. The plaintiff contends that the arbitration award should be modified to comply with a provision of the parties' contract allowing the payout to Schwoeri to be made over time rather than through a lump sum payment. Contrary to the plaintiff's position, the court does not find the existence of any evident miscalculation or mistake by the arbitrator in this regard. The arbitrator explicitly considered this contractual provision and found it to be inapplicable to an award of damages. Although the plaintiff may disagree with the arbitrator's decision on this issue, this determination by the arbitrator does not constitute a mistake warranting judicial modification.

*AFSCME, Council 4, Local 387, AFL-CIO*, supra, 476. The court "look[s] to statutes, administrative decisions, and case law to determine the existence of public policy." *Stratford* v. *AFSCME, Council 15, Local 407*, 315 Conn. 49, 56, 105 A.3d 148 (2014). "When a party challenges a consensual arbitral award on the ground that it violates public policy, and where that challenge has a legitimate, colorable basis, de novo review of the award is appropriate in order to determine whether the award does in fact violate public policy." (Internal quotation marks omitted.) *State* v. *Connecticut State Employees Assn., SEIU Local 2001*, 287 Conn. 258, 272, 947 A.2d 928 (2008); see also *Schoonmaker* v. *Cummings & Lockwood of Connecticut, P.C.*, 252 Conn. 416, 429, 747 A.2d 1017 (2000).

Here, VAI emphasizes that the arbitrator found that Schwoeri was insubordinate, lacked candor and transparency, and breached his fiduciary duty as CEO and an employee of VAI. As a result of this conduct, the arbitrator awarded VAI a setoff in the amount of $297,916.66. Notwithstanding this setoff, VAI argues that Schwoeri's receipt of any arbitral award under these circumstances violates public policy. According to VAI, "Connecticut has a well defined public policy disfavoring compensation to employees who breach their fiduciary duties and [VAI] has shown that the final award violates that policy. The final award should therefore be vacated on this ground." (Plaintiff's Reply; Entry at Docket No. 108.00, p. 5). The obvious problem with VAI's argument is that it cites no authority identifying any explicit, dominant public policy to support its position.

The burden is on VAI to support its public policy argument with the identification of an explicit, well defined and dominant public policy. See *State* v. *New England Health Care Employees Union, District 1199, AFL-CIO*, 271 Conn. 127, 136, 855 A.2d 964 (2004) ("[t]he

party challenging the award bears the burden of proving that illegality or conflict with public policy is clearly demonstrated" (internal quotation marks omitted)). This burden requires VAI to identify "some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." (Internal quotation marks omitted.) Id. This burden cannot be met by VAI asserting a desirable position in the abstract that amounts to nothing more than a statement that it dislikes how the arbitrator decided the dispute. Certainly there may be circumstances, as indicated by the plaintiff, when an employer may withhold all compensation owed to a disloyal employee, but the plaintiff has not cited any authority that this consequence is an inviolable, dominant public policy doctrine. Certainly, the plaintiff has not shown the existence of a rule of public policy explicitly stating or establishing that the circumstances of the parties' dispute as found by the arbitrator cannot be addressed and resolved in a manner as done by the arbitrator here.

Furthermore, for similar reasons, even if VAI were able to show that there is an express public policy at issue, VAI still fails to satisfy the second prong of the public policy inquiry, which is to show that the arbitrators' decision actually violates this public policy. Therefore, VAI's public policy argument must be denied.

## CONCLUSION

For the foregoing reasons, VAI's application to vacate the arbitration award is denied and Schwoeri's motion for an order confirming the award is granted.