******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

## VERMONT AEROSPACE INDUSTRIES, LLC
## *v.* LAWRENCE W. SCHWOERI
### (AC 48111)

Cradle, C. J., and Elgo and Wilson, Js.

*Syllabus*

The plaintiff appealed from the trial court's judgment denying its application to vacate, correct and/or modify a certain arbitration award and granting the defendant's motion for order confirming the arbitration award. The plaintiff claimed, inter alia, that the court improperly denied its application and granted the defendant's motion because the arbitrator acted in manifest disregard of the law and violated public policy. *Held*:

The judgment of the trial court was affirmed, as the trial court properly resolved the issues raised in this appeal, and this court adopted the trial court's thorough and well reasoned memorandum of decision as a proper statement of the facts and the applicable law on the issues.

Argued May 21—officially released October 7, 2025

*Procedural History*

Application to vacate, correct and/or modify an arbitration award, and for other relief, brought to the Superior Court in the judicial district of Bridgeport, where the defendant filed a motion for order confirming the arbitration award; thereafter, the case was tried to the court, *Hon. Barry K. Stevens*, judge trial referee; judgment denying the plaintiff's application to vacate, correct and/or modify the arbitration award and granting the defendant's motion for order confirming the arbitration award, from which the plaintiff appealed to this court. *Affirmed*.

*Jay M. Levin*, with whom were *James J. Philopena* and, on the brief, *Thomas J. Riley* and *Joseph J. Selinger*, for the appellant (plaintiff).

*John L. Cesaroni*, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Vermont Aerospace Industries, LLC, appeals from the judgment of the trial court denying its application to "partially vacate, correct, and/or modify" an arbitration award and granting the motion for order confirming that award filed by the defendant, Lawrence W. Schwoeri. On appeal, the plaintiff claims that the court improperly denied its application and granted the defendant's motion for order because the arbitrator acted in manifest disregard of the law and violated public policy. The plaintiff alternatively contends that the court improperly declined to modify the manner in which the damages awarded to the defendant must be paid. We affirm the judgment of the trial court.

This appeal concerns an employment dispute. The plaintiff is a limited liability company that manufactures metal components used by defense contractors and commercial aircraft. At all relevant times, the defendant was a minority shareholder who owned 15 percent of the plaintiff. On June 15, 2016, the defendant was named chief executive officer of the plaintiff. His employment was governed by an "Executive Term Sheet" dated June 15, 2016 (term sheet). Section 3.2 of the term sheet memorialized the defendant's right to exercise a "put" option regarding his shares in the plaintiff.[1] The term sheet also contained an arbitration clause that pertained to any disputes regarding the defendant's employment. On June 15, 2021, the defendant notified the plaintiff that he was exercising his put option pursuant to § 3.2 of the term sheet.

On February 11, 2022, the plaintiff terminated the defendant's employment. The defendant thereafter filed

---

[1] "A put is [a]n option that conveys to its holder the right, but not the obligation, to sell a specific asset at a predetermined price until a certain date." (Internal quotation marks omitted.) *Securities & Exchange Commission* v. *Dorozhko*, 574 F.3d 42, 44 n.1 (2d Cir. 2009).

a demand for arbitration, in which he asserted four counts. Relevant to the present appeal is the first count, in which the defendant alleged breach of contract due to the plaintiff's failure to pay his put option.[2] In response, the plaintiff filed an answer and a three count counterclaim, in which it alleged breach of fiduciary duty, constructive fraud, and corporate waste.

On January 9, 2024, the arbitrator issued a decision in which she found in favor of the defendant on his two breach of contract claims and awarded him a total of $2,983,382 plus interest.[3] The arbitrator also found in favor of the plaintiff on its breach of fiduciary duty count of its counterclaim and awarded the plaintiff $297,916.66 plus interest as a setoff against the damages awarded to the defendant.[4]

On February 7, 2024, the plaintiff filed an application with the Superior Court to vacate in part or modify the arbitration award.[5] The defendant, in turn, filed a motion for an order confirming the arbitration award. The parties thereafter submitted memoranda of law and the court held a hearing on the motion for order to confirm and the application to vacate the arbitration award on June 4, 2024. By memorandum of decision dated September 26, 2024, the court granted the defendant's motion for order to confirm and denied the plaintiff's application to vacate. The court rendered judgment accordingly, and this appeal followed.

---

[2] The defendant also alleged breach of contract due to the plaintiff's failure to pay certain taxes and unjust enrichment claims against the plaintiff, as well as a breach of fiduciary duty claim against Leonard M. Levie, who at all relevant times was the chairman and majority shareholder of the plaintiff.

[3] The arbitrator dismissed the defendant's unjust enrichment and breach of fiduciary duty counts.

[4] The arbitrator dismissed the plaintiff's constructive fraud and corporate waste counts of its counterclaim.

[5] The plaintiff sought to vacate the arbitration award only with respect to the court's ruling on the first count of the defendant's demand for arbitration, which alleged breach of contract due to the plaintiff's failure to pay the put option. The plaintiff alternatively asked the court to modify the manner in which the damages awarded to the defendant must be paid.

Our plenary review of the record, briefs, and arguments of the parties persuades us that the judgment should be affirmed. The issues properly were resolved in the court's thorough and well reasoned memorandum of decision. See *Vermont Aerospace Industries*, *LLC* v. *Schwoeri*, Superior Court, judicial district of Bridgeport, Docket No. CV-24-6131230-S (September 26, 2024) (reprinted at 235 Conn. App. 580,     A.3d     (2025)). We therefore adopt that memorandum of decision as a proper statement of the relevant facts, issues, and applicable law, as it would serve no useful purpose for us to repeat the discussion contained therein. See *Citizens Against Overhead Power Line Construction* v. *Connecticut Siting Council*, 311 Conn. 259, 262, 86 A.3d 463 (2014); *Phadnis* v. *Great Expression Dental Centers of Connecticut, P.C.*, 170 Conn. App. 79, 81, 153 A.3d 687 (2017).

The judgment is affirmed.